HERGET, Judge.
This matter is before the Court on a motion filed by counsel for Appellee to dismiss the appeal lodged in this Court on the following grounds:
“I.
“The judgment dismissing plaintiff’s suit was read, rendered and signed in Open Court February 23, 1962. Plaintiff did not file a motion and order for appeal until December 10, 1962.
“II.
“The foregoing facts that will appear from the record indicate that more than ninety (90) days have lapsed since the expiration for the delay of applying for a new trial in the lower court.”
The pertinent portions of LSA-C.C.P. Article 2087 provide:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appeal-able order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely; * *
LSA-C.C.P. Article 1913, where pertinent, provides:
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.’’ (Emphasis supplied.)
LSA-C.C.P. Article 1974 provides:
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The record reveals that in the judgment of the Trial Court of date February 23, 1962 it was recited same was rendered after taking the case under advisement. Thus, the record affirmatively reflects the fact that judgment was rendered, read and signed in open court after taking same under advisement. Accordingly, Appellant was entitled to be served with notice of said judgment.
An examination of the record fails to disclose a certificate by the Clerk showing the date on which any such notice was served on Appellant. Therefore, there being no evidence in the record to show the date of the beginning of the toll of the ninety days allowed to Appellant for taking the appeal, it follows, the record does not reflect the appeal was not timely taken.
The Rule on Plaintiff-Appellant to show cause on or before March IS, 1963 why the appeal should not be dismissed is recalled and Appellee’s motion to dismiss the appeal is denied at his costs.
ELLIS, J., recused.