FRUGE, Judge.
A judgement was entered in the 16th Judicial District Court, Parish of St. Martin, dismissing plaintiff’s suit and plaintiff has appealed. Defendants moved to dismiss the appeal on the ground that the appeal was taken beyond the delays provided by Articles 2087 and/or 2123 of the Louisiana Code of Civil Procedure.
The record shows that this matter was tried on its merits on November 16, 17 and 18, 1964. The judgment was rendered in open court at St. Martinville on the 6th day of January, 1965. Judgment was read and signed in open court on the first day of March, 1965. The district court signed an order that devolutive appeal be granted to the plaintiff upon his furnishing an appeal bond, which order and bond were received and filed in the Clerk of Court’s office on June 7, 1965. A total of 99 days had passed from March 1, 1965, when judgment was read and signed, until June 7, 1965, when *379 the-order granting the appeal and the appeal bond was received and filed in the Clerk’s office.
LSA-C.C.P. Art. 2087 provides:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely; * * * ”
LSA-C.C.P. Art. 1913 provides:
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.”
LSA-C.C.P. Art. 1974 provides:
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The record reveals the case was submitted for decision on November 18, 1964, at the close of the trial on the merits. Judgment was not rendered until March 1, 1965, the matter being under advisement until then. An examination of the record fails to disclose a certificate by the Clerk showing the date on which any such notice of the signing of the judgment was mailed to the appellant, as required by LSA-C. C.P. Art. 1913, when cases have been taken under advisement. There being no evidence in the record to show the date of the beginning of the toll of the ninety days allowed to the appellant for taking the appeal, it can be concluded that the record does not reflect, that .the appeal was not taken timely. Wilson v. McNabb, La.App. 1 Cir., 152 So.2d 352.
Motion denied.