185 So.2d 873 (1966)
X-L FINANCE COMPANY, Inc., Plaintiff-Appellant,
v.
George HOLLINGER, Delia Green Hollinger and Isaac Green, Defendants-Appellees.
No. 1735.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
*874 Sidney P. Landry, Jr., Lafayette, for plaintiff-appellant.
Sandoz & Sandoz, Leslie J. Schiff, Opelousas, for defendants-appellees.
En banc.
FRUGE, Judge.
A judgment was entered in the Twenty-seventh District Court, Parish of St. Landry, dismissing plaintiff's suit, and plaintiff has appealed. Defendant Isaac Green has moved to dismiss this appeal on the ground that the appeal bond was not timely filed as provided by C.C.P. 2087.
The record shows that this matter was tried on its merits on June 21, 1965. Judgment was rendered in open court in St. Landry Parish on the 19th day of October, 1965. The district court granted the plaintiff a suspensive appeal on October 28, 1965, conditioned upon the plaintiff's furnishing an appeal bond. The appeal bond was received and filed with the Clerk of Court's office on February 14, 1966.
There is no evidence in the record to show the date the Clerk, as required under C.C.P. Article 1913, mailed notice of the signing of the final judgment to counsel of record for each party, nor is there a certificate in the record showing that notice of the judgment was mailed.
However, one of the principal reasons for the requirement that the Clerk mail notices of the final judgment is to enable parties who have had their cases taken under advisement to be afforded notice of the judgment so as to be able to file either an application for a new trial within the delays allowed by C.C.P. Article 1974, or to petition for an appeal within the delays of C.C.P. Articles 2087 and 2123.
The record reveals that although no notice was mailed to counsel for X-L Finance Company, Inc., said counsel must have had notice of the signing of the final judgment at least by the date (October 28, 1965) that he petitioned for and was granted a suspensive appeal, conditioned on the furnishing of an appeal bond, ten days after the judgment was signed.
This case can be distinguished by its facts from the recent case of Viator v. Grain Dealers Mutual Ins. Company, La.App. 3 Cir., 178 So.2d 378, 379. In the Viator case judgment was rendered on January 6, 1965, after having been taken under advisement. Judgment was subsequently read and signed in open court on March 1, 1965. Although the appeal was not perfected within ninety days of that day, we held that the appeal was timely perfected because notice of judgment had not been sent counsel. There, however, the ninety day delay had not run from the order granting the appeal before *875 the appeal was perfected by the filing of the appeal bond.
This court must therefore conclude that, in the absence of the notice, the date when the suspensive appeal was granted began the tolling of the ninety day delay within which to perfect the appeal. The appeal bond not having been furnished until February 14, 1966, or more than ninety days after the appeal was granted on October 28, 1965, clearly shows that the appeal was not perfected timely.
It is therefore our opinion that the appeal bond was not timely furnished and the motion by defendant-appellee to dismiss this appeal is hereby granted.
Motion granted.