HALL, Judge.
Meyer Nelkin d/b/a Nelkin Insurance Agency brought suit against Nathan Lomm in the First City Court for the City of New Orleans to recover the sum of $488.79 (sic) balance allegedly due on an open account for insurance premiums. Defendant admitted in his answer to the suit that he had purchased certain policies of insurance from plaintiff but denied that he was indebted to plaintiff in any amount. He then alleged two certain claims totalling $575.00 as a set-off against plaintiff’s claim should the Court hold the amount due plaintiff is correct. One of the claims urged as a set-off is that plaintiff failed to insure an additional property owned by defendant causing defendant a loss of $275.00. The other claim urged as a set-off is for a $300.00 credit alleged to be due him for return premiums on the policies alleging that same had been cancelled by him on September 9, 1965.
The Trial Court rendered judgment dismissing plaintiff’s suit. He also dismissed *710 what is referred to in the judgment as defendant’s “reconventional demand.”
Plaintiff appealed. Defendant neither appealed nor answered the appeal.

On Motion To Dismiss

Defendant filed a motion to dismiss the appeal on the ground that plaintiff’s motion for appeal was not timely filed. The record reveals that the judgment appealed from was rendered and signed on July 20, 1966. The record further reveals that on July 22, 1966 plaintiff filed an “Application for a New Trial.” Due to the fact that the Trial Judge was on vacation at the time, the application was not brought to his attention until October 3, 1966. He refused the new trial on October 5, 1966. Plaintiff’s motion for appeal was filed on October 10, 1966.
Defendant contends that the “Application for a New Trial” should be disregarded because it was in the form of a petition and not a contradictory motion as required by LSA-C.C.P. Art. 1971, and further that it did not comply with LSA-C.C.P. Art. 197S which requires verification in certain cases.
If plaintiff’s “Application for a New Trial” be entirely disregarded plaintiff’s motion for appeal came too late; otherwise his appeal was timely taken. We find no merit in defendant’s contention that if an application and prayer for a new trial is irregular or deficient as to form, it should be treated as if it had never been filed. The application required action by the Trial Judge and until that action was taken the delay for appeal did not start to run. The motion to dismiss is denied.