201 So.2d 130 (1967)
Stafford BIELKIEWICZ et al., Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Defendants-Appellees.
No. 2050-A.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1967.
Rehearing Denied July 27, 1967.
*132 Roy & Roy, by Chris J. Roy, Marksville, for plaintiffs-appellants.
Gist, Methvin & Trimble, by H. B. Gist, Jr., Teekell & Nugent, by Howard N. Nugent, Gold, Hall & Skye, by Leo Gold, Stafford & Pitts, by Grove Stafford, Jr., Alexandria, for defendants-appellees.
Before TATE, FRUGÉ, and HOOD, JJ.

On Motion to Dismiss the Appeal.
TATE, Judge.
This is a personal injury suit. The defendants filed peremptory exceptions based upon certain releases signed by the plaintiffs. The trial court sustained these exceptions and dismissed the suit. The plaintiffs appeal.
The defendants-appellees move to dismiss the appeal as taken too late.
Under present circumstances, a devolutive appeal from a judgment must be perfected within ninety days of the denial of a "timely" application for a new trial. LSA-CCP Art. 2087(2). The plaintiffs-appellants appealed on the day the trial court refused to grant their application for a new trial, and they perfected it by filing the appeal bond four days later.
The Defendants' Contention of Untimeliness.
The defendants argue that, nevertheless, the plaintiffs' appeal is not timely because the new-trial application was not filed timely. Therefore, they contend, the appeal taken on December 9 (the day the application for a new trial was denied) from the final judgment of June 7, 1966, was not timely, being after expiration of the ninety-three day delay allowed where no application for a new trial has been filed. LSA-CCP Art. 2087(1).
The defendants correctly suggest that, if the appellant's application for a new trial is not filed timely, then he must perfect his appeal within the same delay as if no application at all for a new trial had been filed. See State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481; Mid-States Insurance Co. v. Ward, La.App. 4 Cir., 187 So.2d 530. LSA-CCP Art. 2087(1) provides for this same delay "if no application [for a new trial] has been filed timely". (Italics ours.) Thus, an appellant's time to perfect his appeal is not extended by the pendency of proceedings to determine the timeliness or not of an untimely motion for a new trial.
Nevertheless, the defendants are in error in arguing that the proof indicates that the plaintiffs' application for a new trial was filed too late. For, as we will show more fully, the plaintiffs' motion for a new trial was filed timely. Consequently, this appeal was also timely when *133 taken on the day of the denial of the new trial.
The enactments regulating computation of the delay within which to apply for a new trial are as follows:
The matter had been taken under advisement after its hearing, so therefore the parties were entitled to written notice of judgment from the district clerk of court. LSA-CCP Art. 1913.[1] The delay for applying for a new trial "commences to run on the day after the clerk has mailed * * * the notice of judgment * * *." LSA-CCP Art. 1974, as amended by Act 23 of 1961. The delay allowed is "three days, exclusive of legal holidays". LSA-CCP Art. 1974.
Facts.
In the trial court, the defendants opposed as untimely the application for a new trial filed by the plaintiffs. After evidence was taken on the hearing of the application for a new trial and the opposition to it, the trial court held the application was not filed timely.
The facts with regard to the contention of untimely filing are these:
The plaintiffs appeal from a final judgment of dismissal signed in open court on June 7, a Tuesday. The plaintiffs' counsel was not in court when the judgment was signed, and the records of his office show only that the judgment was received on June 8, a Wednesday.
To be received on that date, according to the evidence of mailing times and receipts, the judgment had to been mailed by the clerk's office either on the late afternoon of June 7 or else on the morning of June 8. If mailed on June 7, the plaintiffs' application for a new trial was not timely when filed on Monday, June 13. However, if the judgment was not mailed until June 8, the application for a new trial was timely, since the delay commenced on June 9, a Thursday (the day after the mailing) and did not expire until Monday, June 13,[2] when the plaintiffs actually filed their application.
There was no clerk's certificate of the date of mailing of the notice of judgment, as statutorily required. See LSA-CCP *134 Art. 1913, quoted in footnote 1 above. The deputy clerk of court had no independent recollection of when he had mailed the notice of judgment to any counsel in the case.
However, it was stipulated that opposing counsel received their notice in Alexandria on June 8. To be received on that date in Alexandria, the notice had to have been mailed from the clerk's office in Marksville on June 7. The deputy clerk testified that customarily notices of judgment in a given suit were mailed to all counsel on the same day. The trial court concluded that therefore notice of judgment must have been mailed also to plaintiffs' counsel on the same day of June 7, so that consequently the plaintiffs' application for a new trial was not filed timely on June 13.
Conclusion.
Our trial brother erred in so holding.
By LSA-CCP Art. 1913, as amended in 1961 (see footnote 1), the district clerk is under a mandatory duty to file a certificate showing the date of mailing of the judgment and to whom. The evident purpose of this provision is to avoid uncertainty as to the extinction of favored rights of appeal and to prevent disputes such as the present. In the absence of such a certificate, doubts should be resolved in favor of the right to appeal. See Viator v. Grain Dealers Mutual Ins. Co., La.App. 3 Cir., 178 So.2d 378 and Wilson v. McNabb, La.App. 1 Cir., 152 So.2d 352.
If we apply this principle, then the evidence in the record does not exclude reasonable doubt as to the date of mailing. This doubt should be resolved in favor of the timeliness of the subsequent application.
The defendants' counsel were mailed their notices of judgment on June 7, but this does not exclude the reasonable possibility that the plaintiffs' counsel was mailed his on the following day. As the deputy clerk admitted, although customarily all notices were mailed the same day, nevertheless it was possible through inadvertence or otherwise that some of a day's mail from the clerk's office could be left behind and not mailed until the following day. Tr. 65. Even without this evidence, this reasonable possibility is indicated by judicial notice of customary office mailing procedures.
Since the showing does not with reasonable certainty exclude the reasonable possibility of a timely filing of the application for a new trial, we therefore find that, consequently, the plaintiffs' appeal was timely taken (as indeed is not disputed, if the application for a new trial is timely.)
Other Contentions.
Some mention perhaps should be made of two subsidiary contentions by the defendants:
(1) The defendants suggest that the plaintiffs' "Application for New Trial and/or Reargument" should not be considered an application for new trial because of its procedural deficiencies:
In so arguing, the defendants point out that actually the application is rather a request for more time (in which to file a direct action to annul a release which was the basis of the trial court's dismissing the plaintiffs' suit by its final judgment appealed from) than any allegation of new evidence or vices as to the original judgment. However, for purposes of determining the timeliness of an appeal, the courts will not disallow a timely filed pleading designed to secure relief by way of new trial or reargument, see LSA-CCP Arts. 1971 and 1978, because of irregularities or deficiencies in form or prayer or appellation of the pleadings. See Nelkin v. Lomm, La.App. 4 Cir., 197 So.2d 709. Such a pleading will be deemed to toll the delay for taking the appeal in the same manner as applications for new trials *135 drafted in good form. Nelkin v. Lomm, cited above.
(2) The defendants argue that the court of appeal cannot decide the timeliness or not of the application for a new trial herein, because the trial court's holding is nonreviewable that such application was not timely:
As noted earlier, in ruling upon the application for a new trial, the trial court denied it as not timely filed. The defendants urge, apparently, that no right of appeal exists as to a judgment denying a new trial, General Motors Acceptance Corp. v. Deep South Pest Control, Inc., 247 La. 635, 173 So.2d 190,[3] and that therefore the trial court holding that the application was not timely cannot be reviewed by appeal, State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
The basic rationale of these cases, however, is that such judgments are regarded as interlocutory, cf. LSA-CCP Art. 1914, and thus they are not reviewable (save where causing irreparable injury) independently of a review of the final judgment in the cause. LSA-CCP Art. 2083. However, here (as we have held) the plaintiffs have perfected timely an appeal from the final judgment of June 7.
When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment appealed from. Templet v. Babbitt, 196 La. 303, 199 So. 127; Washington v. Flenniken Constr. Co., La.App. 3 Cir., 188 So.2d 486, syllabus 10; Doug Ashy Lbr., Inc. v. Ducharme, La. App. 3 Cir., 177 So.2d 182; Acomb v. Acomb, La.App. 4 Cir., 160 So.2d 326 (application for a new trial); Industrial Loan & Inv. Co v. Price, La.App. 2 Cir., 31 So.2d 881. See LSA-CCP Art. 2164; Blanchard v. Norman-Breaux Lbr. Co., 216 La. 551, 44 So.2d 112; Otero v. Ewing, 162 La. 453, 110 So. 648, 56 A.L.R. 249. Also: Breaux v. Laird, 230 La. 221, 88 So.2d 33, syllabus 10; State v. Younger, 206 La. 1037, 20 So.2d 305, syllabus 9; Schwing v. Dunlap, 125 La. 677, 51 So. 684. See, generally: 2A West's Louisiana Digest, Appeal & Error, 5 C.J.S. Appeal and Error §§ 1491, 1492.
This court is thus clearly entitled, on appeal from the final judgment in the cause, to review the correctness or not of the trial court's holding that the plaintiffs' application for a new trial was not timely filed. To hold otherwise would impregnate with unreviewability an incidental trial ruling which, if indeed unreviewable, deprives the plaintiffs of their right of appeal, favored by law. If we so held otherwise, the trial ruling, even though regarded as interlocutory, would be one causing irreparable injury if incorrect, and thus reviewable under LSA-CCP Art. 2083 by independent appeal.
Decree.
Although the argument on the motion to dismiss was consolidated with the argument on the merits of the appeal, we are rendering separate decisions. See, for opinion on the merits, our opinion entitled Bielkiewicz v. Rudisill, 201 So.2d 136.
For the reasons stated in our opinion above, we overrule the motion to dismiss this appeal filed by the defendants-appellees.
Motion to dismiss appeal denied.
NOTES
[1] LSA-CCP Art. 1913, as amended by Act 23 of 1961, pertinently provides: "* * * when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed * * *." (Italics ours. The italicized provision, added by the 1961 amendment, is an essential basis for our ruling, as stated in the text of our opinion.)

We should probably note that the matter was tried on May 6, and the court handed down written reasons for judgment on May 20. The fact that these reasons may have been previously mailed to counsel for the plaintiffs is immaterial with regard to the date of mailing of the actual final judgment, for the delay to apply for a new trial commences to run only with the signing or mailing of the final judgment itself, LSA-CCP Art. 1974, despite any earlier rendering of reasons for judgment separate, LSA-CCP Art. 1918, from such final judgment.
[2] By LSA-CCP Art. 1974, the three-day delay allowed does not include legal holidays. Further, legal holidays and half-holidays are not included in the computation of a delay when the period is less than seven days, or if the last day of the delay falls on a holiday or half-holiday. LSA-CCP Art. 5059. Consequently, if the present judgment was mailed on June 8 (Wednesday), the delay would run on June 9 (Thursday), June 10 (Friday), but it would not run on the Saturday half-holiday of June 11 or the Sunday holiday of June 12. See LSA-R.S. 1:55 (1) and (2), providing for Sundays and Saturdays to be holidays and half-holidays respectively; and see LSA-CCP Art. 5059's provision that a half-holiday shall be considered as a legal holiday for purposes of computing procedural delays.
[3] The limited nature of the ruling in this decision is explained in Kirkeby-Natus Corp. v. Campbell, La., 199 So.2d 904 (rendered June 5, 1967).