SARTAIN, Judge.
We have two cases involving identical issues between the same parties which bore trial docket numbers 79,102 and 79,-103. They were consolidated for trial in the District Court and are likewise consolidated here on appeal and and bear our docket numbers 7413 and 7414 respectively. 212 So.2d 551. Plaintiff, X-L Finance, Inc., has appealed devolutively from an adverse judgment in both cases. An examination of the record raised the question in our minds as to whether plaintiff filed its bond within the delays set forth in C.C.P. Article 2087 so as to have timely perfected its appeal. This point has been briefed by both parties. For reasons hereinafter stated, we are of the opinion that appellant’s bond was not timely filed and that we are without jurisdiction to consider the cases on their individual merit and that the appeal in both cases should be dismissed.
The salient chronology of events is as follows:
On September 10, 1965, these cases were tried pursuant to previous assignment and by the court taken under advisement. On September 8, 1966, the court rendered judgment and handed down written reasons for judgment. On September 19, 1966 plaintiff moved for a new trial which was assigned for and heard on October 10, 1966. The new trial, for oral reasons assigned, was granted in part and denied in part and judgment was rendered forthwith on that portion for which a new trial was granted. On August 2, 1967 judgment was presented to the court for signing which judgment made reference to and was in conformity with the judgment rendered on September 8, 1966 and the new trial which was granted, argued and submitted on October 10, 1966. The judgment which was signed on August 2, 1967 bears the certificate of the trial clerk of court that “notice of the above judgment was mailed by me, with sufficient postage affixed to” the named attorneys of record.
On August 15, 1967 appellant moved for and was granted a devolutive appeal, which was returnable to this court on October 12, 1967. Said return date was later extended for an additional ninety days. Appellant filed its bond on December 15, 1967, more than ninety days after notice of judgment was sent to attorney of record for appellant.
Appellant urges in brief that C.C.P. Article 1913 requires that notice of the signing of a final judgment must be mailed to the lawyer of each litigant and for the reason that no formal judgment was signed in accordance with the court’s written reasons for judgment of September 8, 1966, the time in which appellant must perfect his appeal did not commence to run until December 15, 1967 when appellant in fact filed its bond. Counsel for appellant contends that from time to time between the dates of October 10, 1966 and July 19, 1967 the trial judge indicated that he might further consider the matter and grant additional changes in relief. While this may be true the unalterable fact remains that judgment was signed on August 2, 1967; notice was duly sent to counsel for appellant; and, undoubtedly pursuant to said judgment and notice, appellant moved for a devolutive appeal on August 15, 1967.
The fallacy in appellant’s argument is that there is no requirement that the judgment which was rendered on September 8, 1966 had to be signed and appellant given notice before appellant could seek a rehearing. The judgment of September 8, *551 1966, as amended by the rehearing, was in fact signed on August 2, 1967. It was the signing and notice of the signing of this judgment that tolled the running of appropriate legal delays. There was but one judgment signed in this matter and appellant received proper notice thereof and then subsequently failed to timely file its bond within the delays prescribed by C.C.P. Article 2087.
Under the above facts X-L Finance, Inc. v. Hollinger, 185 So.2d 873, relied upon by appellee is not applicable and neither is Viator v. Grain Dealers Mut. Ins. Co., 178 So.2d 378, relied upon by appellant.
For the above and foregoing reasons the court on its own motion ' dismisses appellant’s appeal at its costs.
Appeal dismissed.