LOTTINGER, Judge.
This matter is before us at this time resulting from an ex proprio motu show cause order requesting the parties to show cause why this appeal should or should not be dismissed, because the appeal bond was not timely filed.
According to the record, trial of this case was completed on September 21, 1971 and the matter taken under advisement by the Lower Court. A written opinion was signed by the Judge a quo on October 28, 1971 and filed on November 2, 1971. Final judgment was rendered, read and signed on December 3, 1971 and filed on December 6, 1971.
Plaintiff, appellant, was granted a devol-utive appeal to this Court on January 18, 1972 upon the furnishing of a bond in the amount of $500.00. Said bond was filed on March 13, 1972. Appellant contends that *530 he never received the required notice of this judgment, since same was taken under advisement and that there is no certificate or other indication in the record that any such notice was mailed by the Clerk of Court in accordance with C.C.P. Art. 1913, which provides as follows:
“Art. 1913. Notice of judgment
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.

Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented .by counsel.

If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.

The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.

Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required. Amended by Acts 1961, No. 23 § 1; Acts 1968, No. 127, § 1.” (Emphasis ours)
We have examined this record and fail to find where the Clerk of' the Lower Court has mailed such a notice or filed a certificate in the record showing the mailing of such notice.
One of the principal reasons for requirement that the Clerk mail notices of final judgment is to enable parties who have had their cases taken under advisement to be afforded notice of judgment so as to be able to file either application for new trial or to petition for appeal. LSA-C.C.P. Arts. 1913, 1974, 2087, 2123. Since no notice was given as required, this Court must therefore conclude that the date when the devolutive appeal was granted began the tolling of the ninety day delay within which to perfect the appeal. Wilson v. McNabb, La.App. 1 Cir., 152 So.2d 352; Viator v. Grain Dealers Mutual Ins. Co. et al., La.App., 178 So.2d 378 and X-L Finance Co., Inc. v. Hollinger, La.App., 185 So.2d 873.
Plaintiff, appellant was granted a devol-utive appeal on January 18, 1972 and filed the appeal bond on March 13, 1972 which was well within the 90 days.
Therefore, for the above and foregoing reasons, the show cause order is hereby recalled and the appeal maintained. Appeal maintained.