264 So.2d 761 (1972)
GREAT AMERICAN INSURANCE COMPANIES, Plaintiff-Appellant,
v.
Edgar E. EAST, a/k/a Eddie East, et al., Defendants-Appellees.
No. 8967.
Court of Appeal of Louisiana, First Circuit.
June 26, 1972.
Rehearing Denied July 28, 1972.
*762 Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for plaintiff-appellant.
Ben W. Lightfoot, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendants-appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
We issued an order, ex proprio motu, directed to plaintiff-appellant, to show cause why the appeal herein should not be dismissed because the record lodged with us reflects that the bond was not timely filed.
Plaintiff-Appellant is the fidelity insurer of the employees and officers of Coastal Canning Enterprises, Incorporated. Defendant, Richard O. East, was an employee of Coastal Canning Enterprises, Incorporated. The record reveals that he misappropriated two checks drawn to the order of his employer amounting to $20,008.89 and handed them over to Edgar E. East, a/k/a Eddie East. Edgar East deposited the checks in a new account styled "Coastal Canning Enterprises" with the Livingston State Bank and Trust Company, Denham Springs, Louisiana.
Plaintiff, as subrogee of Coastal Canning Enterprises, Incorporated, instituted this action against Edgar E. East and Richard O. East, individually, and d/b/a Coastal Canning Enterprises; Livingston State Bank and Trust Company and its insurer, Commercial Union Insurance Group, seeking a judgment in solido against all defendants. Accompanying the petition was a request for a temporary restraining order, which issued, restraining the defendants (Easts) from writing checks on the account and Livingston State Bank and Trust Company from honoring any checks drawn on said account or their respective personal accounts.
Liability is asserted against Edgar E. and Richard O. East for their alleged misappropriation of the funds and against Livingston State Bank and Trust Company and its insurer for the bank's acceptance of and honoring the checks involved, which plaintiff contends were improperly endorsed, i. e., "Coastal Canning Enterprises" instead of "Coastal Canning Enterprises, Incorporated".
The hearing on the request for a preliminary injunction and on the merits was had on May 3, 1971, at which time the rule was made absolute against all defendants prohibiting disbursement of any portion of the original $20,008.89 remaining in any of the accounts with the bank.
As to the merits, it was stipulated, inter alia, that judgment be rendered against Edgar E. and Richard O. East as prayed for. The matter was laid over for the taking of additional testimony by deposition. Subsequently, a deposition was obtained, filed and the matter submitted. Judgment was rendered making the preliminary injunction permanent as to all defendants, thereby *763 freezing the funds on deposit; personal judgments were rendered against Richard O. and Edgar E. East as prayed for; however, plaintiff's demands against Livingston State Bank and Trust Company and its insurer were rejected. Plaintiff appealed devolutively seeking to also recover from Livingston State Bank and Trust Company and Commercial Union Insurance Group.
The defendants have not appealed nor answered the appeal of plaintiff. Therefore, the judgment as to the permanent injunction and Richard O. and Edgar E. East is final.
The judgment appealed from was read, rendered and signed on October 8, 1971. On the same date, the deputy clerk for the Parish of Livingston addressed a letter, a copy of which is in the record, to counsel for defendants, Livingston State Bank and Trust Company and Commercial Union Insurance Group, with a carbon copy thereof to counsel for appellant and Edgar E. and Richard O. East. The letter recites:
"Judgment was rendered and signed in open court in the above named matter on this 8th day of October, 1971 by the Hon. Grover L. Covington, Judge.
"A certified copy attached hereto."
On December 7, 1971, plaintiff filed for and was granted a devolutive appeal conditioned on the furnishing of bond in the amount of $300.00. Bond in this amount was filed on February 10, 1972.
C.C.P. Article 2087 provides that security for a devolutive appeal must be furnished within ninety days from the expiration of the delay for applying for a new trial. The record discloses that appellant did not seek a new trial. The letter, quoted above, from the Clerk of Court was dated October 8, 1971. Appellant was entitled to notice of the signing of the judgment. C.C.P. Article 1913. Applicable delays then commenced to run from October 11, 1971, because October 9 and 10, 1971, were legal holidays. Appellant therefore had until October 13, 1971, to ask for a new trial and ninety days thereafter to perfect its appeal by (1) applying therefor, and (2) furnishing bond. The ninety day delay expired on January 11, 1972. The bond was not filed until February 10, 1972.
In Aetna Insurance Company v. Robinson, 199 So.2d 369 (La.App.1967), we quoted from Orrell v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So. 2d 710, as follows:
"Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So. 2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666."
Counsel for appellant argues that the letter from the Clerk of Court showing a copy thereof mailed to him does not satisfy the provisions of C.C.P. Article 1913, which in part states:
"The Clerk shall file a certificate in the record showing the date on which, and the counsel to whom, notice of the signing of judgment was mailed." (Italics ours)
Particular emphasis is attached to the word "certificate" and appellant urges that a carbon copy of a letter to his attorney signifying the signing of the judgment with an *764 enclosed copy does not satisfy the requirement of certification by the Clerk of Court. Cited as authority for this proposition is Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (3rd La.App., 1967). Counsel does not argue that he did not receive this letter or that it failed to contain a certified copy of the judgment. The issue then is whether or not a copy of a letter addressed to one counsel, clearly indicating duplicate copies to all counsel of record, satisfies the requirement of certification. We hold that it does. C.C.P. Article 1913 does not require that the notice of judgment be couched in any particular form. If the record contains a copy of a letter which clearly reflects that all counsel were duly notified, the requirements of notification and certification are satisfied. The facts in Bielkiewicz are clearly distinguishable from those in the case at bar. Here, we have a dated letter in the record, Bielkiewicz did not. In Bielkiewicz counsel argued that he did not receive the notice of the signing of judgment, here counsel does not. In Bielkiewicz, the question was whether or not a letter was mailed on one day or the next. The Clerk had no independent recollection but stated that notices were "customarily" mailed on the date they were signed. Our brethren of the Third Circuit properly resolved the doubt in favor of appellant.
Lastly, appellant argues that the bond it furnished with the original request for a temporary restraining order is sufficient to cover the bond required for the devolutive appeal. We must reject this contention.
The record is absolutely clear that at the time the restraining order was issued, defendant, Edgar E. East, had $2,804.85 on deposit with the Livingston State Bank & Trust Company, which sums the plaintiff sought to secure by restraining the said East and bank from permitting its withdrawal. The trial judge issued the restraining order but required a $3,000.00 bond. This bond is posted as required by law to protect an aggrieved party against the wrongful issuance of an ex parte restraining order. The bond by its own terms is restricted to this purpose. Neither East nor the bank complains that the restraining order was improvidently issued or that either suffered any damage thereby. The bond, by expressly limiting its liability "should it be decided that the temporary restraining order was wrongfully obtained" cannot be called upon to satisfy court costs, etc., as does a bond posted for a devolutive appeal. Assuming that the initial bond could have been modified to cover the instant appeal, such modification had to be effected prior to the expiration of the delays for perfecting the appeal. This appellant did not do.
Accordingly, for the above and foregoing reasons, the devolutive appeal by Great American Insurance Companies is dismissed at its cost.
Appeal dismissed.