STOULIG, Judge.
This is a motion filed by the testamentary executor and the legatees to dismiss the suspensive appeal of the surviving spouse from a judgment homologating a Tableau of Distribution. Presented for our determination is whether the appeal was timely perfected in accordance with LSA-C.C.P. arts. 2123 and 3308.
The undisputed facts pertinent to our consideration of the merits of this motion *918 reflect that on May 24, 1972, the district court rendered and signed a judgment homologating the Tableau of Distribution presented by the testamentary executor. On May 29, 1972, within three days of its rendition, exclusive of legal holidays, the surviving widow filed a contradictory rule against the executor to show cause why the judgment homologating the Tableau of Distribution should not be vacated and set aside The matter was heard on June 20, 1972, and taken under advisement. A judgment dismissing the rule was signed on June 28, 1972. Some 13 days later on July 11, 1972, an order was signed granting a suspensive appeal from the judgment rendered on May 24, 1972. On the same date the suspensive appeal bond was filed, thereby perfecting the appeal. It is the validity of this appeal which is under attack and which movers maintain was not timely filed.
LSA-C.C.P. art. 3308 explicitly states that only a suspensive appeal (as provided in Article 2123) shall lie from a judgment homologating a tableau of distribution. By the very terms of this article, we are inhibited from treating the appeal as devolutive and therefore we are restricted to a consideration of its efficacy as a suspensive appeal.
The Code of Civil Procedure in Article 2123 prescribes 15 days within which to perfect a suspensive appeal, to be computed from: (1) the expiration of the delay for applying for a new trial as provided by Article 1974; or (2) the date of the court’s refusal to grant a timely application for a new trial; or (3) the date of notice of refusal, if required.
It affirmatively appears from the record that the surviving widow did within three days, exclusive of legal holidays, of the signing of the judgment homologating the Tableau of Distribution file a motion and rule to vacate and set aside the judgment. Since the motion to vacate the judgment was contradictory in form, filed within the time prescribed for applying for a new trial, and sought only the relief afforded by the granting of a new trial, we must construe the motion and rule to set aside the judgment as being an application for a new trial. We look to the substance of the pleading rather than its caption in assessing its legal import. This interpretation is in accord with the jurisprudence expressed in Bielkiewicz v. Insurance Company of North America, 201 So.2d 130, 134-135 (La.App. 3d Cir. 1967), wherein it was stated:
“ * * * However, for purposes of determining the timeliness of an appeal, the courts will not disallow a timely filed pleading designed to secure relief by way of new trial or reargument, see LSA-CCP Arts. 1971 and 1978, because of irregularities or deficiencies in form or prayer or appellation of the pleadings. See Nelkin v. Lomm, La.App. 4 Cir., 197 So.2d 709. Such a pleading will be deemed to toll the delay for taking the appeal in the same manner as applications for new trials drafted in good form. * * * ”
The motion to vacate required action by the trial judge. Until he rendered his formal judgment on June 30, dismissing the rule, the surviving widow was unable to determine if it would be necessary for her to take an appeal. Once the court acted and she became aware of the need to do so, she diligently perfected her appeal.
Having construed the motion to vacate and set aside the judgment as being in fact an application for a new trial, we conclude it produced the legal consequences of delaying the suspensive appeal period of 15 days until the trial court rendered its judgment on June 28, 1972, refusing the new trial, at which time the provisions of LSA-C.C.P. art. 2123 became executory. Appellant timely perfected her appeal on July 11, 1972, which was within 15 days of the judgment dismissing her rule.
For the foregoing reasons the motion to dismiss is denied. All costs are to await the final determination of this appeal.
Motion denied.