MORRIS, Judge.
Plaintiff proceeds by rule against defendant to obtain a modification of a previous award of alimony. After a trial on the merits the court rendered judgment ordering defendant, Michael W. Langley, to *869 pay unto plaintiff, Patricia M. Langley, alimony in the sum of $150 per month for the months of March through and including November of each year and the sum of $60 per month for the months of January, February and December of each year, and casting defendant for all costs. This judgment was rendered at the conclusion of the trial on December 20, 1974. The judgment was read, signed and filed on January 22, 1975. Defendant appeals.
At the time of oral argument on this appeal we noted, ex proprio motu, an apparent lack of jurisdiction for failure to timely file the appeal bond.
On January 29, 1975, on motion of defendant, orders of devolutive appeal to this court were granted, returnable March 24, 1975, and the devolutive appeal bond fixed at the sum of $100. This appeal bond was filed March 5, 1975, which was 40 days from the date the judgment was signed.'
Appeals must be perfected within the delay provided by law and the appeal is not perfected until security is furnished. Appeals from judgment modifying custody or alimony are controlled by LSA-C.C.P. Articles 3943 and 3942 and Malone v. Malone, 282 So.2d 119 (La.1973), and must be perfected within 30 days from the applicable date provided in LSA-C.C.P. Article 2087(l)-(3). In the Malone case, supra, the Louisiana Supreme Court specifically held that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of LSA-C.C.P. Article 3943. See also Carlisle v. Carlisle, 313 So.2d 908 (La.App. 2d Cir. 1975).
LSA-C.C.P. Article 1913 provides that notice of the signing of a final judgment is not required except in three instances—(1) when a default judgment is rendered against a defendant on whom citation was not personally served, (2) when a case has been taken under advisement by the court, and (3) when, at the conclusion of a trial, a case is not taken under advisement but a judgment is not signed at that time, and the party makes a request of record for notice of the date when the judgment is signed. The present matter was not taken under advisement and the trial judge rendered judgment in open court at the conclusion of the trial. The record before us does not reveal any request of record for notice of the signing of the judgment, and, therefore, under the above codal article no notice of judgment was required.
The delay for applying for a new trial commenced to run on January 23, 1975, (the day after judgment was signed), and expired January 31, 1975, Saturday and Sunday holidays being excluded in the computation. LSA-C.C.P. Article 1974. The delay for perfecting the appeal commenced February 1, 1975, and terminated March 3, 1975, two days prior to the date appellant filed the appeal bond. See LSA-C.C.P. Article 5059 and Midland Discount Company v. Phillips, 196 So.2d 832, 834 (La.App. 3rd Cir. 1967). We conclude, therefore, that the appeal was not perfected by the filing of the bond within the period provided by law. LSA-C.C.P. Article 3943 and Malone v. Malone, supra. This result is in accord with the decisions in X-L Finance Company v. Hollinger, 185 So.2d 873 (La.App. 3rd Cir. 1966); McNeely v. American Livestock Insurance Co., 269 So.2d 529 (La.App. 1st Cir. 1972), and Carlisle v. Carlisle, supra.
For the reasons assigned, this appeal is dismissed at appellant’s costs.