313 So.2d 908 (1975)
Charles Thomas CARLISLE, Plaintiff-Appellant,
v.
Betty Mewborn CARLISLE, Defendant-Appellee.
No. 12626.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
Rehearing Denied July 1, 1975.
Writ Refused September 25, 1975.
*909 Bruscato & Loomis by Anthony J. Bruscato, Monroe, for plaintiff-appellant.
Kostelka & Blackwell by Robert W. Kostelka, Monroe, for defendant-appellee.
Before PRICE, HALL and MORRIS, JJ.
PRICE, Judge.
This is an appeal from a trial court judgment denying a father's rule for change of custody of two minor children, and granting the mother past due alimony. Subsequent to the oral argument in this appeal we noted, ex proprio motu, an apparent lack of jurisdiction. Counsel for both parties were notified and have filed supplemental briefs in this court.
The instant appeal arises from a rule filed by Charles Carlisle requesting modification of an award of custody of minor children to his former wife, Betty Carlisle. The trial court minutes reflect that after trial was completed on October 21, 1974, the case was taken under advisement. Judgment was rendered on October 24, 1974, with attorneys for both parties present. The judgment was read and signed in open court November 12, 1974, at which time the attorney for plaintiff-inrule asked for and was granted a devolutive appeal returnable to this court January 9, 1975. Fifty-six days later, on January 6th, plaintiff-in-rule filed his appeal bond. On May 8th, after the record in this matter had been lodged in this court, notices of judgment were served on attorneys for both parties by the district court clerk.
Appeals must be perfected within the delay provided by law and the appeal is not perfected until security is furnished. Appeals from judgments denying change in custody are controlled by LSA-C.C.P. Arts. 3943 and 3942, Malone v. Malone, 282 So.2d 119 (La.1973); and must be perfected within thirty days from the applicable date provided in LSA-C.C.P. Art. 2087(1)-(3).
Appellant contends the delay for perfecting this appeal did not begin to run until seven days after May 9, 1975, this being the day after service of notice upon his attorney of the signing of the judgment. Thus his bond was timely filed. Under a strict and literal application of the provisions of Articles 1974 and 1913 of the Code of Civil Procedure this would be correct. Article 1974 provides that the delay for applying for a new trial shall be seven days from the date judgment was signed, or if notice of judgment is required by LSA-C.C.P. Art. 1913, the day after "the clerk has mailed, or the sheriff has served, the notice of judgment." Notice of judgment is required by Article 1913 when the case is taken under advisement.
However, where the appellant's attorney moves for and is granted an appeal prior to the service on him of the notice of judgment, the purpose of serving the notice has been fulfilled and the delay for perfection of his appeal should begin to accrue on this date. The reason for the requirement that the clerk mail notice of final judgment is to inform the litigants whose case has been taken under advisement of the date of the signing of the judgment so that they may timely move for a new trial or an appeal. Therefore, a motion made by a party for an appeal constitutes a waiver of the requirement that he be given notice of judgment. This result is in accord with the decisions in X-L Finance Company v. Hollinger, 185 So.2d 873 (La.App.3rd Cir. 1966), and McNeely v. American Live Stock Insurance Co., 269 So.2d 529 (La.App.1st Cir. 1972). We conclude, therefore, that the delays for perfecting the appeal began the day plaintiff-appellant *910 asked for and was granted a devolutive appeal, and expired prior to the filing of the bond 56 days later.
The appeal bond having been untimely filed, the appeal from the portion of the judgment denying a change in custody is hereby dismissed.
The appeal from the portion of the trial court's judgment awarding defendant past due alimony is timely. Picinich v. Picinich, 271 So.2d 670 (La.App.1st Cir. 1972). However, plaintiff-appellant has made no arguments in regard to this award, nor apparently was its validity questioned at the trial level. That part of the judgment of the trial court is therefore affirmed.
Costs are to be borne by plaintiff-appellant.