372 So.2d 615 (1979)
TRAILWOOD FOREST-CALCASIEU, LTD., et al., Plaintiffs-Appellants,
v.
Victor E. COURSEY, Jr., et al., Defendants-Appellees.
No. 7109.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Rehearing Denied July 11, 1979.
James Farrier, Baton Rouge, Thomas P. Quirk, Lake Charles, for plaintiffs-appellants.
Scofield, Bergstedt & Gerard, Robert L. Hackett, Jones, Patin, Tete, Nolen & Hanchey by Gregory P. Massey, Lake Charles, Robert A. Hawthorne, Jr., Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, WATSON and SWIFT, JJ.
DOMENGEAUX, Judge.

MOTION TO DISMISS
We issued an order, ex proprio motu, directed to the plaintiff-appellant, to show cause why its appeal should not be dismissed because the record lodged with us reflects that the appeal was not timely taken. The appellant has answered the rule.
We dismiss the appeal.
This is a suit for damages. Trial on this matter was had on March 27th, 28th and 29th, and the case was taken under advisement. Written reasons for judgment were rendered on October 10, 1978, and a formal judgment in accord therewith was read, rendered and signed on November 22, 1978. On November 27, 1978, the deputy clerk for Calcasieu Parish addressed a letter to all counsel of record in this case informing them that a judgment had been rendered in the above captioned case on November 22, 1978. A copy of this letter is set forth on following page.
*616
 ACTON HILLEBRANDT
 CLERK OF COURT AND EX-OFFICIO RECORDER
 FOURTEENTH JUDICIAL DISTRICT OF LOUISIANA
 PARISH OF CALCASIEU
 LAKE CHARLES, LA. 70601
 November 27, 1978
Mr. Robert L. Hackett
Attorney at Law
P.O. Box 1136
Lake Charles, Louisiana 70601
Mr. James Farrier
Attorney at Law
1990 Wooddale Blvd.
Baton Rouge, Louisiana 70806
 Re: Trailwood Forest-Calcasieu
 Ltd., and/or West Cal. Land, Inc.
 Vs. No. 76-3853
 Lee J. Marsalise, et al.
Gentlemen:
In accordance with Article 1913 of the Louisiana Code of Civil Procedure, you
are hereby notified that Judgment in the above numbered and entitled matter
was read and signed on the 21 day of November, 1978.
 Yours very truly,
 ACTON HILLEBRANDT, CLERK
 /s/ Sybil B. Lemley 
 Deputy Clerk
 __________
On February 7, 1979 the plaintiff-appellant moved for and was granted a devolutive appeal to this court, returnable on April 9, 1979. The record was lodged with this court March 20, 1979.
The appellant concedes that if the letter mailed by the clerk on November 27th complied with the statute, then its appeal taken on February 7, 1979 was beyond the delays provided for new trial under LSA-C.C.P. Article 1974 and the subsequent 60-days delay provided for taking a devolutive appeal under LSA-C.C.P. Article 2087. Counsel for the appellant argues, however, that the letter from the deputy clerk notifying the parties of the rendition of the final judgment does not satisfy that portion of LSA-C.C.P. Article 1913 which provides, in pertinent part, as follows:
"The Clerk shall file a certificate in the record showing the date on which, and the counsel to whom, notice of the signing of judgment was mailed." "(Italics ours)"
Particular emphasis is attached to the word "certificate" and appellant urges that a letter addressed to all parties notifying them of the signing of the judgment does not satisfy the requirements of certification by the Clerk of Court. Cited as authority for this proposition is this court's case of Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (3rd La. App., 1967).
The facts of this case are strikingly similar to that presented to our brother of the First Circuit in Great American Insurance Companies v. East, 264 So.2d 761 (1st Cir., La.App., 1972). There the court was faced with the problem of whether or not the reception by the appellant's attorney of a copy of a letter which was addressed to appellee's counsel, which clearly indicated that duplicate copies had been sent to all *617 counsel of record, and which stated that judgment had been rendered and signed, satisfied the requirement of certification by the Clerk of Court. The court held:
"Counsel does not argue that he did not receive this letter or that it failed to contain a certified copy of the judgment. The issue then is whether or not a copy of a letter addressed to one counsel, clearly indicating duplicate copies to all counsel of record, satisfies the requirement of certification. We hold that it does. C.C.P. Article 1913 does not require that the notice of judgment be couched in any particular form. If the record contains a copy of a letter which clearly reflects that all counsel were duly notified, the requirements of notification and certification are satisfied. The facts in Bielkiewicz are clearly distinguishable from those in the case at bar. Here, we have a dated letter in the record, Bielkiewicz did not. In Bielkiewicz counsel argued that he did not receive the notice of the signing of judgment, here counsel does not. In Bielkiewicz, the question was whether or not a letter was mailed on one day or the next. The Clerk had no independent recollection but stated that notices were `customarily' mailed on the date they were signed. Our brethren of the Third Circuit properly resolved the doubt in favor of appellant."
We are in complete agreement with our brethren of the First Circuit and hold that the letter sent by the deputy clerk in this case fully fulfills the requirements of LSA-C.C.P. Article 1913.
The appellant next contends, that under the recent amendment of LSA-C. C.P. Article 2088, that the jurisdiction of the Court of Appeal attaches immediately upon the granting of an order of appeal in the case of a devolutive appeal. While this principle is uncontestable, the judgment of the trial court became final upon the failure of the plaintiff to timely move for an appeal and the subsequent signing of an order of appeal by the trial court cannot transfer jurisdiction upon this court.
For the reasons assigned, the appeal is hereby dismissed and all costs of this appeal are assessed to the plaintiff-appellant.
APPEAL DISMISSED.