702 So.2d 1002 (1997)
Anita Lambert WATSON, Plaintiff-Appellant,
v.
Gladys Ola NELSON, et al., Defendants-Appellees.
No. 97-474.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
Writ Denied February 6, 1998.
*1003 Jonathan Clyde Vidrine, Ville Platte, for Anita Lambert Watson.
Douglas L. Hebert, Jr., Kinder, for Gladys Ola Nelson, et al.
Before YELVERTON, COOKS and GREMILLION, JJ.
YELVERTON, Judge.
This appeal raises procedural issues only. On September 21, 1995, the trial judge signed a judgment partitioning property held in indivision by a mother and her two adult children. On December 18, 1995, the mother and one of the children filed a pleading styled "Motion to Set Aside and to Reconsider [that] Judgment." After repeated fixings and efforts to hear the motion in open court were unsuccessful, the trial judge, who was retiring at the end of the year, rendered and signed a judgment on December 31, 1996, setting aside the September 21, 1995 judgment. The other child appeals. We affirm.
There are two assignments of error. The first is that if the motion to set aside and reconsider was a motion for a new trial, the delay for making such a motion had expired; if it was a petition for nullity, the trial judge rendered the judgment without a trial.
Our response to this assignment is that the motion was an application for a new trial. La.Code Civ.P. art. 865; Broday v. Broday, 360 So.2d 645 (La.App. 3 Cir.1978). It was timely because the parties never received the proper notice of judgment after the signing of the September 1995 judgment.
La.Code Civ.P. art.1913 provides that when a case has been taken under advisement, notice of judgment must be mailed by the clerk of court to counsel of record for each party and to each unrepresented party. The article further requires that the clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was made.
In the record when this appeal was lodged, there was no certificate or other evidence that notice of the September 1995 judgment was mailed. We asked that the record be supplemented if such evidence existed, and we were provided a copy of the judgment consisting of two pages and a third page with nothing on it except the following handwritten inscription:
 CC of Judgment
 to Abrusly
 Demoruelle
 Hebert 9/22/95
Notice of judgment was required in this case because judgment was not rendered in the presence of the parties. At issue is whether the above language is sufficient to fulfill the requirement of a clerk's certificate. We find that it is not, the delays for a new trial have not expired, and the motion for a new trial was timely.
In Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La.App. 3 Cir.1967), there was no clerk's certificate of the date of mailing of the notice of judgment. Counsel for the defendant admitted that he got his notice on June 8, from which the court of appeal deduced the mailing date of his notice had to have been June 7, the date of the judgment. The deputy clerk testified that notices to all parties customarily went out on the same day but that it was possible *1004 the notice to the plaintiff's counsel was not mailed until the next day. Had it been mailed the next day, or June 8, the subsequent motion by the plaintiff for a new trial would have been timely, which was an issue in the case. Because there was no certificate establishing the date, the doubt had to be resolved in favor of the timeliness of the motion for a new trial.
Subsequent cases have generally followed this rule that doubts will be resolved in favor of preservation of rights. A copy of a dated letter in the record containing the notice and signed by the clerk addressed to one counsel, clearly indicating duplicate copies to all counsel of record, satisfies the requirement of certification of Article 1913. Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1 Cir.1972), and Boyle v. Tangipahoa Parish Police Jury, 457 So.2d 1276 (La.App. 1 Cir.1984). The case of Trailwood Forest-Calcasieu Ltd. v. Coursey, 372 So.2d 615 (La.App. 3 Cir.), writ denied, 375 So.2d 958 (La.1979), held that the certification requirements of Article 1913 were met when the clerk of court sent a dated letter to both counsel advising them that judgment had been rendered and giving the date of rendition of the judgment, signed by a deputy clerk. If it is clear that a notice was sent by the clerk and a date of mailing can be established, there is compliance with Article 1913. If it is not clear that notice was sent, or if it is clear that notice was sent but the date of notice cannot be definitely established, then there is not compliance with the article. No notice at all was mailed in Ouachita Equipment Rental, Inc. v. Dyer, 386 So.2d 193 (La.App. 3 Cir.1980), and Rasberry v. English, 255 So.2d 433 (La.App. 3 Cir.1971). In these two cases it was held that because the record contained nothing to indicate that the notice of judgment was ever sent, then the presumption was that it was not sent. Therefore, the time for applying for a new trial or an appeal never starts running.
The case of Roy Fink, Inc. v. State, D.O.T.D., 464 So.2d 1064 (La.App. 1 Cir.), writs denied, 467 So.2d 539, 541 (La.1985), held that the presence in the record of a copy of a letter dated May 8, 1984, addressed to and received by plaintiffs' counsel, with a "c.c." notation at the bottom, indicating mailing to defendant's counsel, did not suffice as the certificate required by Article 1913. Doubt was created by the presence on the May 8 letter of the clerk's recording stamp dated August 23, 1984, plus an affidavit executed by the clerk on July 21, 1984, stating that the notice was mailed on May 8. The court said that "an affidavit executed 2½ months after the alleged mailing and made part of the appellees' brief will not suffice." Id. at 1066. In Ancona v. Lathan, 506 So.2d 222 (La.App. 5 Cir.1987), which dealt with a judgment containing the handwritten notation, "7-25-86 cc Robert Faucheaux, Robert Becnel," the court found that this writing was not sufficient to constitute a certificate as to the date of mailing by the clerk of court.
In the record now before us the "CC" notation indicates that copies were prepared for each of the three named attorneys of record. However, the writing is not sufficient to constitute a certificate by the clerk's office that notice of the September 21, 1995 judgment was mailed. It is not signed by the clerk or a deputy clerk. Moreover, the inscription is on a separate page and may be an after-the-fact explanation of what happened on "9/22/95." It was not in the record that came to us on appeal. It does not prove, with the degree of certainty required, compliance with Article 1913. Therefore, the delay for applying for a new trial had not run on December 18, 1995, when the two co-owners filed their motion to set aside and reconsider the judgment.
The second assignment of error is that the trial judge granted the new trial without an actual hearing on the motion in open court. We find no merit to this assignment. La.Code Civ.P. art.1976 merely provides for service of notice of the motion and of the assignment of a time and place for hearing. This was done. The trial judge fixed and refixed a hearing date numerous times but could not get the parties together. He decided the case on his last day in office. When the trial court ruled, he had before him a memorandum filed by the applicant and a memorandum filed by the opposing *1005 party. The appellant was neither deprived of any rights nor prejudiced by the manner in which the trial court handled the application. (It must be noted that at this juncture there has been only the grant of a new trial. The new trial has yet to be conducted. The old judgment has been set aside, but a new one must await the new trial. Interestingly, in Russell v. McDonald's Corp., 576 So.2d 1213 (La.App. 5 Cir.1991), the court of appeal approved a new judgment on a new trial that was not given a special hearing, finding that the new trial had been limited to reargument and both sides had presented briefs to the trial judge.)
Pursuant to La.Code Civ.P. art. 1972(1), a new trial shall be granted when the verdict or judgment appears clearly contrary to the law and the evidence.
A trial court has virtually unlimited discretion to grant a new trial when it is convinced that a miscarriage of justice has resulted, and, unless an abuse of discretion can be demonstrated, a trial court's action in granting or denying a new trial on discretionary grounds will not be reversed. La.C.C.P. art.1973....
Heritage Worldwide v. Jimmy Swaggart, 95-0484, p. 3 (La.App. 1 Cir. 11/16/95), 665 So.2d 523, 526, writ denied, 96-0415 (La.3/29/96), 670 So.2d 1233.
We have carefully examined the record and find that the trial court did not abuse its discretion in ordering a new trial. This case is remanded for further proceedings.
The judgment is affirmed at appellant's cost.
AFFIRMED.