JjDOUCET, Chief Judge.
Defendant, Delores J. White, appeals a decision by the trial court, making the recommendations of a domestic relations hearing officer the judgment of the court. We annul and set aside that judgment and remand for further proceedings. BACKGROUND
Plaintiff, Robert Lee White, and Defendant, Delores J. White, were divorced by a judgment of the trial court dated February 17, 1999. The briefs of counsel for both parties establish that a hearing on Ms. White’s request for spousal support was held before a Fourteenth Judicial District Court domestic relations hearing officer on February 22, 1999. The hearing officer signed a recommendation denying the | ¡.requested support on March 15, 1999. The recommendation gave any party, not in agreement with the recommendation, until March 29, 1999, to file a motion requesting a hearing before the trial judge. No motion to that effect was received, and on March 30, 1999, the trial judge adopted the recommendation of the hearing officer as the judgment of the court. Ms. White now appeals.
DISCUSSION
Ms. White argues that she did not receive notice of the judgment adopting the hearing officer’s recommendation until after the time for requesting a hearing before the trial judge had elapsed. The record before us supports her contention. The “Letter [of] Notice Of Judgment” from the Clerk of Court to the counsel of record informing them of the judgment issued by the court on March 30, 1999, is dated April 12, 1999. There is nothing in the record showing that anyone was notified of the recommendation of the hearing officer. Appellee argues that it is the “standard practice of the magistrate ... to fax his recommendation to the counsel of the parties and serve a copy of same through leaving if in the Attorney’s mail *178 box.” There is no indication in the record that such is the practice, and if it is, there is no evidence that it was followed. Further, such a practice does not constitute sufficient notice to the parties. The “recommendation” of the hearing officer, while not the judgment of the trial court, is “appealable” to the district court. As such it carries the same effect as any other judgment and notice of the “recommendation” must be given to the parties in the same manner as any other judgment. See La.Code CivJP. art. 1913.
This court addressed a similar issue in Watson v. Nelson, 97-474 (La.App. 3 Cir. 10/29/97); 702 So.2d 1002, writ denied, 97-2958 (La.2/6/98); 709 So.2d 738. [¡¡Although, in Watson, the court considered the timeliness of a motion for a new trial, the analysis is equally valid to the situation sub judice:
La.Code Civ.P. art. 1913 provides that when a case has been taken under advisement, notice of judgment must be mailed by the clerk of court to counsel of record for each party and to each unrepresented party. The article further requires that the clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was made.
[[Image here]]
Notice of judgment was required in this case because judgment was not rendered in the presence of the parties. At issue is whether the ... [the method used by the clerk in this case] is sufficient to fulfill the requirement of a clerk’s certificate. We find that it is not, the delays for a new trial have not expired, and the motion for a new trial was timely.
In Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La. App. 3 Cir.1967), there was no clerk’s certificate of the date of mailing of the notice of judgment. Counsel for the defendant admitted that he got his notice on June 8, from which the court of appeal deduced the mailing date of his notice had to have been June 7, the date of the judgment. The deputy clerk testified that notices to all parties customarily went out on the same day but that it was possible the notice to the plaintiffs counsel was not mailed until the next day. Had it been mailed the next day, or June 8, the subsequent motion by the plaintiff for a new trial would have been timely, which was an issue in the case. Because there was no certificate establishing the date, the doubt had to be resolved in favor of the timeliness of the motion for a new trial.
Subsequent cases have generally followed this rule that doubts will be resolved in favor of preservation of rights. A copy of a dated letter in the record containing the notice and signed by the clerk addressed to one counsel, clearly indicating duplicate copies to all counsel of record, satisfies the requirement of certification of Article 1913. Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1 Cir.1972), and Boyle v. Tangipahoa Parish Police Jury, 457 So.2d 1276 (La.App. 1 Cir. 1984). The case of Trailwood Forest-Calcasieu Ltd. v. Coursey, 372 So.2d 615 (La.App. 3 Cir.), writ denied, 375 So.2d 958 (La.1979), held that the certification requirements of Article 1913 were met when the clerk of court sent a dated letter to both counsel advising them that judgment had been rendered and giving the date of rendition of the judgment, signed by a deputy clerk. If it is clear that a notice was sent by the clerk and a date of mailing can be established, there is compliance with Article 1913. If [4it is not clear that notice was sent, or if it is clear that notice was sent but the date of notice cannot be definitely established, then there is not compliance with the article. No notice at all was mailed in Ouachita Equipment Rental, Inc. v. Dyer, 386 So.2d 193 (La.App. 3 Cir. 1980), and Rasberry v. English, 255 So.2d 433 (La.App. 3 Cir.1971). In *179 these two cases it was held that because the record contained nothing to indicate that the notice of judgment was ever sent, then the presumption was that it was not sent. Therefore, the time for applying for a new trial or an appeal never starts running.
Id. at pp. 1-4,1003-04.
In the case sub judice, there is no evidence that any notice of the hearing officer’s recommendation was served on any party. Therefore, as in Watson, “ the time for applying for a new trial or an appeal never start[ed] running,” and, the signing of the judgment by the trial judge deprived Ms. White of her right to request a hearing before the district court judge.
Accordingly, for the reasons stated, the judgment of the district court dated March 30, 1998, is annulled and set aside and the case is remanded for further proceedings not inconsistent with the holding herein. Costs of this appeal are assessed against appellee, Robert Lee White.
JUDGMENT ANNULLED AND SET ASIDE; CASE REMANDED.