DOMENGEAUX, Judge,
ON 1MOTION TO DIS3MISS
The defendant-appellee, John J. Gidiere, moves, to dismiss the appeal of the plaintiff-appellant, Marie Louise Baker, on the grounds that the appellant’s appeal was not timely taken.
The pertinent facts are as follows. On May 30, 1973, the appellant filed suit against the appellee to recover certain movable property allegedly belonging to the appellant and in the possession of the appellee. The appellant was originally represented by Attorney Howard W. Martin of Lafayette. Shortly before trial, the appellant, through her counsel, Mr. Martin, moved to associate Attorney Aubrey E. Pate of New Orleans, as her co-counsel, and the trial court granted the motion on June 19, 1974. The motion does not give an address for Mr. Pate, but is signed by Mr. Martin and does give Mr. Martin’s address.
On June 20, 1974, this case was tried with Mr. Pate appearing on behalf of the appellant, and at its conclusion the trial court took the matter under advisement.
On August 2, 1974, a formal judgrrfent was rendered in favor of the defendant-ap-pellee. The record reveals that notices of judgment as required by LSA-C.C.P. Art. 1913 were mailed by the Lafayette Parish Clerk of Court’s office on August 28, 1974, to Mr. Howard Martin and to Mr. David S. Foster, the latter being the attorney for the defendant-appellee. No notice of judgment was mailed to appellant’s co-counsel, Mr. Pate.
On February 28, 1975, appellant, through her co-counsel, Mr. Pate, moved for and was granted a devolutive appeal to this court, returnable on April 21, 1975, subject to her posting an appeal bond in the amount of $500.00.
*92 On March 31, 1975, prior to the appellant’s posting her appeal bond, the appellee filed a Motion to Dismiss the 'appellant’s appeal in the trial court on the grounds that said appeal was not timely taken. The Motion was tried on March 31, 1975, and the trial court denied the Motion on the basis that both Mr. Martin and Mr. Pate, counsel and co-counsel for the appellant, did not receive notice of judgment.
On April 3, 1975, the appellant filed her appeal bond. On the same date Mr. Howard W. Martin, the appellant’s original attorney, also filed a motion to withdraw from the case, which motion was granted by the trial court on that same date.
The record in this case was lodged with this court on April 23, 1975, and on May 23, 1975, the appellee filed with this court the present Motion to Dismiss.
The sole issue presented herein is whether there is sufficient notice of judgment, as required by LSA-C.C.P. Art. 1913, upon notification of one of several attorneys employed by a party, or must all counsel be notified.
Under LSA-C.C.P. Art. 2087, the appellant herein had a period of 90 days from t}ie expiration of her delay for applying for a new trial in which to perfect her appeal. The appellant’s delay for applying for a new trial under LSA-C.C.P. Art. 1974 was 7 days, exclusive of legal holidays, commencing on the day after the Clerk of Court’s office mailed the notices of judgment as required by LSA-C.C.P. Art. 1913. Accordingly, if notice of judgment to Mr. Howard Martin, alone was sufficient to commence the running of the time for applying for a new trial, then plaintiff’s delay for perfecting her appeal expired on December 5, 1974, and appellant’s motion for appeal filed on February 28, 1975, was not timely and must be dismissed. If, however, failure to also give notice to Mr. Aubrey Pate prevented valid notice (under LSA-C.C.P. Art. 1913) from taking place, then plaintiff’s 90 days in which to perfect her devolutive appeal did not begin to run until the appeal was granted on February 28, 1975, and the subsequent posting of the appeal bond on April 3, 1975, timely perfected same. X-L Finance Co. v. Hollinger, 185 So.2d 873 (La.App. 3rd Cir. 1966).
Although our own Uniform Rules— Courts of Appeal (Rule XI) provide that “Notice of judgments of the court will be given . . . to at least one of counsel for each of the parties litigant . . . ” (emphasis added), no similar provision is found in the 15th Judicial District Court Rules.
LSA-C.C.P. Art. 1913 reads, in pertinent part, as follows :
“ . . . Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. ...”
We hold that under the provision of the above quoted article, notice to at least one counsel for each of the party litigants is sufficient.
At the trial of the Motion to Dismiss in the district court, Mr. Martin testified that he was counsel of record for the appellant on August 28, 1974, (the date notices of judgment were mailed). Therefore, appellant’s delay for applying for a devolutive appeal under LSA-C.C.P. Art. 2087 and Art. 1974 began to run on August 29, 1974 and expired on December 5, 1974. Appellant’s appeal, not being perfected until her appeal bond was filed on April 3, *93 1975, was therefore not timely and must be dismissed.
For the reasons assigned the defendant-appellee’s Motion to Dismiss is hereby granted. The costs of this appeal are assessed to the plaintiff-appellant.
Appeal dismissed.