WATSON, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Michael T. Tarver, moves to dismiss the suspensive appeal of the intervenor, Nationwide Financial Corporation. The motion is opposed.
The plaintiff filed suit on an open account resulting in the seizure of defendant’s mobile home under a writ of attachment. Asserting a superior privilege, Nationwide intervened; on January 18, 1978, the trial court signed a final judgment in favor of plaintiff, dismissing Nationwide’s intervention with prejudice. Nationwide then moved for and obtained a “suspensive and devolutive” appeal on January 26, 1978; however, the suspensive appeal bond was not filed until March 10, 1978.
When a case is taken under advisement, the delay for perfecting a suspensive appeal normally commences on the day after the clerk has mailed notice of judgment. LSA-C.C.P. articles 2123 and 1974. However, if an appellant moves for and is granted an appeal prior to service of notice, he is deemed either to have notice or to waive notice. X-L Finance Company v. Hollinger, 185 So.2d 873 (La.App. 3 Cir. 1966); In re Salmon, 318 So.2d 897 (La.App. 2 Cir. 1975). The delay for perfecting the appeal commences on the date the appellant moves for an appeal.
In the instant case, after waiving notice of judgment by moving for and obtaining an appeal, Nationwide had 30 days from January 26, 1978 within which to furnish security. Since the suspensive appeal bond was not filed until March 10, 1978 (43 days after the appeal was moved for and obtained), we are without jurisdiction to entertain the suspensive appeal. However, the devolutive appeal remains viable.
For the reasons assigned, appellant’s sus-pensive appeal is dismissed at appellant’s cost; the devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED.
DEVOLUTIVE APPEAL MAINTAINED.