571 So.2d 167 (1990)
Gary JUENGAIN
v.
Calvin JOHNSON, et al.
No. 90-C-1627.
Court of Appeal of Louisiana, Fourth Circuit.
October 31, 1990.
Original Opinion Reinstated November 29, 1990.
Gary Juengain, Angie, in pro. per.
Catherine L. La Fleur, New Orleans, for respondents.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
SCHOTT, Chief Judge.
The court granted a rehearing on the mistaken belief that appellant was served on April 27, 1990 with a notice of the signing of the judgment on April 17. The court has been advised by counsel for appellees that appellant was not served.
Accordingly, our original opinion is reinstated.

ORIGINAL OPINION REINSTATED.
We grant certiorari in order to consider the validity of the trial court's refusal on August 30, 1990 of an order of appeal requested by relator.
Relator, a convicted felon in the custody of the Department of Corrections, filed a legal malpractice suit against respondents, Loyola Law Clinic and its director, Calvin Johnson. Respondents filed an exception of prescription. On March 2, 1990 the court issued the following order:
It Is Ordered that the exception of prescription in the above captioned proceeding be submitted to the court on the basis of memoranda filed and delivered to the Honorable George C. Connolly, Jr. no later than Friday, April 6, 1990 at 9:00 am. Judgment to be rendered accordingly.
The order calls for service on relator at Hunt Correctional Center at St. Gabriel, Louisiana; but at this time relator had been transferred to the Correctional Center at Winnfield, Louisiana and was apparently not served with this order.
On April 17, 1990 the trial court signed a judgment sustaining respondents' exception and dismissing relator's suit. The judgment recites that the exception was submitted to the court on April 6 on the basis of memoranda filed by the parties and that judgment was rendered in open court on April 6. The court ordered that relator be served at St. Gabriel with a notice of judgment, but the sheriff's return of April 25 shows he was not served because he was not at Hunt Correctional Center.
On April 3, 1990 relator filed an application for supervisory writs in this court which indicates that he was unaware that the trial court was going to take action on the exception on April 6.
*168 On August 27 relator filed his request for appeal which the trial court denied because the sixty day delay for taking a devolutive appeal prescribed by C.C.P. art. 2087 had run.
The sixty day delay commences to run at the expiration of the delay for filing an application for a new trial. C.C.P. art. 2087. When notice of judgment is required the delay for filing an application for a new trial commences the day after the clerk has mailed or the sheriff has served a notice of judgment if one is required. Art.1974. Art.1913 provides in pertinent part:
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
This article contemplates the situation where the parties are present in court, they present their positions through counsel, and the trial court announces the judgment to the parties, but signs it at a later date. Under these circumstances, no notice of the judgment need be mailed to the parties. The present case was taken under advisement on April 6 on the briefs. Consequently, notice of the signing of the judgment on April 17 was required to start the delay running for the filing of the motion for new trial. Since proper notice was never mailed the delays never ran and relator's request for an appeal was not untimely. The trial court erred in denying him an appeal.
Our decision is butressed by the principle that appeals are favored and a litigant will not be deprived of his appeal if any reasonable doubt exists in his favor. It would be especially harsh to deny this litigant of his appeal when everyone seemed to recognize his right to a notice as evidenced by the attempt by the sheriff to serve him and the fact that no one was aware that he had been transferred from one correctional facility to the other.
Accordingly, the order of the trial court denying relator's appeal is set aside. The case is remanded to the trial court for the granting and processing of relator's appeal in accordance with law.
TRIAL COURT ORDER SET ASIDE; REMANDED.