RULE TO SHOW CAUSE
KING, Judge.
On December 10, 1990, this court issued a rule to defendant-appellant, Fred B. Mar-ceaux, Jr., to show cause why the above captioned appeal should not be dismissed as *999 being untimely taken. For the reasons assigned, we dismiss the appeal.
On February 28, 1990, the plaintiff, Richard Theriot, filed suit in redhibition against the defendant, Fred B. Marceaux, Jr. Suit was filed in Breaux Bridge City Court. The suit alleged that plaintiff purchased a vehicle from the defendant on January 26, 1990 and that on the following day he discovered redhibitory defects with the vehicle. Plaintiff sought damages in the amount of $1,479.20, with legal interest and attorney’s fees. A trial on the matter was held on August 14, 1990. On August 20, 1990, the trial court signed a written judgment awarding the plaintiff damages of $794.17 as well as $550.00 in attorney’s fees. On August 20, 1990, counsel for defendant-appellant also wrote a letter to counsel for the plaintiff regarding the proposed judgment which had been previously forwarded to Judge Soileau for signature. The letter stated that:
“By courtesy copy of this letter I am requesting that notice of the entry of judgment be provided.”
A copy of this letter was sent to the clerk’s office.
On September 11, 1990, counsel for defendant wrote a letter to the trial court. The letter stated that he had requested that he be given notice of the signing of judgment, and that he had not received notice. He stated that on September 5, 1990, he discovered that a copy of the signed judgment was recorded in the public records of Vermilion Parish, Louisiana. Also, on September 11, 1990, counsel for defendant filed a motion and order for a new trial. On September 14,1990, the trial court denied defendant’s motion for new trial. According to the record, notice of the denial of the motion for new trial was sent by certified mail to defendant on September 19, 1990. The receipt shows that the notice was delivered on September 21, 1990. On October 12, 1990, defendant filed a motion and order for appeal. The record was lodged with the appellate court on December 6, 1990. On December 10, 1990, this court issued a rule to show cause why the above captioned appeal should not be dismissed as untimely.
La.C.C.P. Art. 1913 states as follows: Art. 1913. Notice of judgment
A. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
B. Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
C. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
D. Except as otherwise provided in the first two paragraphs of this Article, notice of the signing of a final judgment is not required.
La.C.C.P. Art. 5002 states as follows: Art. 5002. Delay for appeal
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
Acts 1986, No. 156, § 1.
Appellant argues that his counsel’s letter on August 20, 1990, requested notice of judgment as required by La.C.C.P. Art. 1913. Appellant contends that since the clerk’s office failed to provide him with notice of signing of the August 20, 1990 *1000 judgment, that his delays for appealing have not begun to run and his appeal was timely perfected.
However, even assuming the August 20, 1990 letter of defendant’s counsel was a request for notice of signing of judgment, as required to be given by La.C.C.P. Art 1913, the appeal delays in the present case are governed by La.C.C.P. Art. 5002(B), and not La.C.C.P. Art. 5002(A). Pursuant to La.C.C.P. Art. 5002(B) a defendant seeking to appeal a judgment only has ten days from service of notice of the order denying his motion for a new trial to perfect an appeal. The trial court denied appellant’s motion for new trial on September 14, 1990. Notice of the denial was sent on September 19, 1990, and received by appellant on September 21, 1990. Under these circumstances, the delays for filing an appeal are governed by La.C.C.P. Art. 5002(B). In the present case the appellant filed his motion for appeal on October 12, 1990, more than ten days from the service of notice of the denial of the new trial. The appeal of appellant was untimely perfected. For these reasons, the appeal of the defendant-appellant, Fred B. Marceaux, Jr., is hereby dismissed at appellant’s costs.
APPEAL DISMISSED.