996 So.2d 1173 (2008)
BAYOU CONCESSION SCRAP, INC.
v.
ROSE TOWING, INC.
No. 08-CA-308.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*1174 Francis J. Lobrano, William Allen Schafer, Belle Chasse, LA, for Appellee, Bayou Concession Scrap, Inc.
Henry A. King, Michael L. Vincenzo, John A. Cangelosi, New Orleans, LA, for Appellant, Rose Towing Services, Inc.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
On appeal, Rose Towing Inc. seeks review of the denial of its "Motion for New Trial and Alternatively to Annul Judgment." For the following reasons, we affirm the trial court ruling.

Facts and Procedural History
On or about July 27, 2005, Rose Towing, Inc.("Rose")[1] procured two diesel engines from Bayou Concession Scrap, Inc.("Bayou"). According to the invoice, the price set for the engines was $10,000.00. The engines were loaded onto a barge provided by Rose.
On January 20, 2006, Bayou filed a "Petition on Open Account" demanding payment for the engines, including legal interest, reasonable attorney's fees and costs. The Citation and Petition were issued on January 23, 2006 but service on Rose's registered agent for service of process was unsuccessful.[2] On March 9, 2006, Bayou requested that the Clerk of Court re-issue service of process at Rose's last known principal place of business, which was also unsuccessful.[3]
On May 8, 2006, Bayou requested that the Clerk of Court re-issue service upon G. Patrick Hand, Jr., an attorney that had previously represented Rose. Mr. Hand attested that service was attempted at an address that is not his current office;[4] that he did not know of the service; that he was never agent for service of process *1175 for Rose; and that he had no notice of pending litigation until September 2007.
On May 23, 2006, Bayou filed a Motion and Order to Appoint Curator for Absentee Defendant to represent Rose. Joel Levy was appointed Curator and Attorney of Record for Rose on May 25, 2006.
On July 28, 2006, Joel Levy sent notice, by certified mail, of his appointment as Curator, which included a copy of the pending suit, to Rose through its registered agent, Charles Augustine, at the Blossom Street address. On August 2, 2006, the correspondence was received by "H. Hungh" at the registered address.[5] On August 30, 2006, Levy filed a Note of Evidence into the record reflecting that he had not heard from Rose as of that date.
On September 18, 2006, Bayou filed a Motion for Summary Judgment alleging that it was entitled to Judgment as a matter of law. After a hearing, the trial judge granted summary judgment in favor of Bayou, and against Rose, for $10,000.00, legal interest, attorney fees, and costs, which includes the fees associated with the appointment of and representation by the Curator. On October 31, 2006, the trial judge signed a written judgment to that effect.
Notice of judgment was issued on February 12, 2007 to the Blossom Street address.[6] On March 12, 2007, the Clerk of Court re-issued Notice of Judgment to Rose at its place of business in Jefferson Parish.[7] On March 26, 2007, Notice of Judgment was re-issued for at least the second time to Rose's business address. On March 27, 2007, the Jefferson Parish Sheriff "personally served [Rose] with Notice of Judgment..., through an employee... on the grounds of [Rose's] place of business at 646 Peters Road, Harvey, Louisiana...."[8]
On April 30, 2007, after confirming the Judgment, the trial judge in the Twenty-Fourth Judicial District Court made the Judgment executory. On September 18, 2007, Bayou moved for execution of the judgment through a writ of fieri facias directing the seizure and sale of the boat, M/V W.L. Serpas, owned by Rose and docked at Rose's facility in Jefferson Parish. Rose, thereinafter, posted security in the amount of $23,940.23 with the Twenty-Fourth Judicial District Court and Bayou released the vessel.
On October 11, 2007, Rose filed a Motion for New Trial and Alternatively to Annul Judgment, attacking the original October 31, 2006 judgment in favor of Bayou.[9] On November 27, 2007 and January 15, 2008, the trial judge heard argument about the motions, which focused on insufficient service of process that would render the judgment null. Specifically, Rose argued that it had no notice of litigation until its vessel was seized on September 18, 2007. Rose further argued that it had been doing business with Bayou throughout 2006 and 2007 so Bayou should have at least mentioned this litigation to Rose or known how to properly serve Rose. During the hearings, Rose admitted, however, that its registered *1176 agent for service of process was, and still is, its Vice President, Charles Augustine. Further, the registered service address was 403 Blossom Street, Gretna, Louisiana.
On January 16, 2008, the trial judge denied Rose's Motion for New Trial and Alternatively to Annul the Judgment. Rose is appealing that judgment.
On appeal, Rose argues four assignments of error: (1) the Second Parish Court committed legal error when it appointed a Curator to represent Rose; (2) the Second Parish Court erred when it determined that Rose had been served with the Original Petition; (3) the Second Parish Court erred when it determined that Rose had been served with Notice of Judgment; and (4) Rose's Motion for New Trial was timely filed.
First, we will address Rose's last assignment of error regarding the timeliness of its Motion for New Trial. According to La. C.C.P. art. 4907, in parish or city courts, the delay for applying for a new trial is three(3) days, which commences on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.
In this case, the record reflects that the Second Parish Clerk of Court mailed Notice of Judgment on February 12, 2007. Further, the record reveals that the Second Parish Clerk of Court re-issued Notice of Judgment on March 26, 2007 and the sheriff personally served Rose at its place of business on March 27, 2007. Even giving Rose the benefit of service on March 27, 2007, their filing of the Motion for New Trial on October 11, 2007 was well outside of the three-day time period established in the statute. Accordingly, we find no error in the trial court's ruling.[10]
In its remaining assignments of error, Rose attacks the summary judgment on the basis that the trial court improperly declared it an absentee in these proceedings, and improperly appointed a curator ad hoc to accept service on its behalf. We find no error in the trial court's ruling for the following reasons.
Initially, we point out that, in a nullity action, the plaintiff must prove that it was not an absentee, that it was available to be served, or that a diligent search, which would have resulted in the ascertainment of its whereabouts, was not made. Peschier v. Peschier, 419 So.2d 923 (La.1982). First, Rose argues that it was not an absentee as defined in La. C.C.P. art. 5251(1), which states as follows:
"Absentee" means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or *1177 actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.
In this case, it appears that Rose fell under the third category of "persons" and was correctly determined to be an absentee by the trial court. The record reflects that Bayou made diligent (and multiple) efforts to serve Rose with the original Petition and the Notice of Judgment.
Moreover, Rose did not present convincing proof that it was not an absentee. Counsel for Rose admitted that the agent for service of process registered with the Secretary of State was, at all times relevant to the motion for summary judgment, Charles Augustine. Further, counsel for Rose argued that Bayou could have served process at the Peters Street address, its place of business in Jefferson Parish. The record shows that Bayou attempted service of the Petition at that address on March 9, 2006. Interestingly, service of the Notice of Judgment was affected after six attempts at the Peters Road address yet Augustine contends that the person who accepted service is unknown to him or anyone at Rose.
Finally, the curator appointed for Rose attested that he had notified Mr. Augustine of the lawsuit and Levy's appointment via certified mail, return receipt requested. The return receipt was signed by "H. Hungh," on August 2, 2006, although Augustine denies ever seeing it. Levy attested that no one from Rose had contacted him as of August 26, 2006. We find that it was reasonable for Levy to believe that the lack of response by Rose indicated that it could not be served even though it was present in Louisiana.
This court will not disturb the lower court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). For the foregoing reasons, we affirm the lower court's rulings. Costs of this appeal are taxed solely against Rose Towing, Inc.
AFFIRMED
NOTES
[1] On the date the engines were procured, Rose was domiciled in Plaquemines Parish.
[2] The Citation was unserved because the party was "no longer at this address."
[3] The Citation was unserved because the process server was "unable to locate the address." The Citation was returned unserved on March 20, 2006.
[4] Citation was returned unserved on May 12, 2006 with the notation that the party was "not at this address per P. Hand."
[5] On August 8, 2006, Joel Levy answered the suit, denying all allegations.
[6] Notice was returned unserved on February 21, 2007 after five attempts.
[7] Notice was returned unserved on March 21, 2007 after five attempts.
[8] The sheriff's service return, dated March 27, 2007, was marked "Personal thur[sic] Kirk Schexnayder." See La. C.C.P. art. 1261(B)(2).
[9] In response to Rose's motions, Bayou filed a Motion to Quash Subpoena and Exceptions of Prescription and No Cause of Action. The rulings on all of those motions were favorable to Bayou and have not been appealed by Rose.
[10] An untimely motion for a new trial does not stop the appellate delays from running. Jones v. Dillard Department Stores, Inc., 93-205 (La.App. 5 Cir. 8/26/93), 624 So.2d 4. La. C.C.P. art. 5002, reflects that an appeal of a judgment rendered by a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary. Our courts have noted that the wording of article 5002 differs from article 4907 regarding the commencement of the delay period. Myles v. Turner, 612 So.2d 32 (La. 1993). The delay for an appeal pursuant to article 5002 commences from the day the notice is received, whereas the delay for a new trial pursuant to article 4907 commences from the day the notice is mailed. Id. Thus, the ten-day delay for filing an appeal commenced on the date of receipt of the notice of signing of the original judgment, which was March 27, 2007. Accordingly, the grant of summary judgment at issue is not appealable and must be attacked on grounds of nullity.