BROWN, Chief Judge.
 

 | defendant, Larry Gene Clower, an absentee co-owner, appeals from the trial court’s denial of a motion for new trial related to an October 12, 2006, judgment of partition. For the reasons set forth below, we dismiss this appeal as untimely.
 

 Discussion
 

 Larry Clower asserts that the trial court erred in failing to consider his motion for new trial seeking to set aside the October 12, 2006, judgment for partition by licitation based upon the court’s conclusion that the motion was untimely despite the clerk of court’s failure to comply with La. C.C.P. art. 1913.
 

 Bank of America, the co-owner who petitioned for a partition of the co-owned property, which consists of 66.5 acres in Claiborne Parish, Louisiana, asserts that even if proper notice of judgment wasn’t given to Clower, he nonetheless waived his right to such notice by filing a plethora of pleadings in this action, together with an affidavit dated April 10, 2008, to which he attached a copy of the October 12, 2006, judgment, showing his knowledge and receipt of the judgment, months before he actually filed his motion for new trial on November 13, 2008.
 

 Except as otherwise provided in La. C.C.P. art. 4630,
 
 [1]
 
 if the plaintiff proves on the trial of the proceeding that: (1) he is a co-owner of the property; (2) he is entitled to the partition of the co-owned property; and (3) the defendant is an absentee who owns an interest therein, the court shall prender judgment ordering the public sale of the property ... to effect a partition,
 
 *913
 
 after the advertisement required by law for a sale under execution. La. C.C.P. art. 4625. The judgment shall determine the absentee’s share in the sale proceeds, and award a reasonable fee to the attorney appointed to represent him to be paid from the absentee’s share of the proceeds of the sale.
 
 Id.
 

 La. C.C.P. art. 1974 provides that the delay for applying for a new trial is seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. The delay for applying for a new trial is triggered by the actual mailing of notice of judgment or a copy of the judgment.
 
 Johnson v. East Carroll Detention Center,
 
 27,075 (La.App. 2d Cir.06/21/95), 658 So.2d 724. If proper notice is never mailed, the delays never start to run.
 
 Juengain v. Johnson,
 
 571 So.2d 167 (La.App. 4th Cir.1990);
 
 Guaranty Bank & Trust Co. v. Quad Drilling Corp.,
 
 284 So.2d 349 (La.App. 1st Cir.1973).
 

 La. C.C.P. art. 1913 provides in pertinent part:
 

 (A) Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
 

 [[Image here]]
 

 (D) The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
 

 Pursuant to allegations and a request made in Bank of America’s petition for partition of the co-owned property, an attorney, Charles Weaver, |3was appointed on July 13, 2006, to represent Larry Clower, an absentee with an ownership interest in the property to be partitioned.
 
 [2]
 
 La. C.C.P. art. 4623. Weaver was served with the petition for partition on July 18, 2006, on behalf of Clower, and pursuant to La. C.C.P. arts. 5094 and 5095, on July 31, 2006, Weaver sent notice to Clower of (1) the partition action;
 
 [3]
 
 (2) Weaver’s appointment as Clower’s representative; and (3) Clower’s option to retain the services of an attorney immediately should he wish to dispute the allegations of the partition or defend the action. A certified mail receipt indicates that Clower received this letter on August 7, 2006. Weaver also filed an answer on Clower’s behalf on August 3, 2006, therefore preventing the entry of a default judgment against him. La. C.C.P. art. 5095.
 

 In accordance with La. C.C.P. art. 4624, notice of the proceeding was published in the Claiborne Parish newspaper. A hearing was held on October 12, 2006, three months after the petition was filed and a little more than two months after Clower received notice of the partition action from Weaver, his designated representative. Weaver appeared on Clower’s behalf at the hearing on October 12, 2006. As of that date, Clower had not communicated with Weaver or any other party. Clower did not make an appearance at the hearing, nor did an attorney hired to act on his behalf. As noted by this court in a separate action filed by Clower seeking to annul the sheriffs sale and/or to recover damages arising out of the alleged mal
 
 *914
 
 practice of his curator, Weaver, Clower took no action whatsoever after 14being sent notification of the proceedings by Weaver’s July 31, 2006, certified letter.
 
 See, Clower v. Bank of America,
 
 44,034 (La.App. 2d Cir.02/25/09), 5 So.3d 983,
 
 writ denied,
 
 09-0986 (La.09/08/09), 17 So.3d 960. Bank of America proved its entitlement to judicial partition, and the trial court rendered judgment on October 12, 2006, ordering the partition of the co-owned immovable property, less and except the minerals, and issued a commission to the Claiborne Parish Sheriff to sell the property at public auction, according to law, to effect a partition by licitation of said property. La. C.C.P. art. 4625.
 

 On the date of the hearing on October 12, 2006, after the judgment of partition was rendered, the trial court in open court discharged Charles Weaver from his duties as representative for the nonresident Larry Clower. Therefore, Clower was unrepresented from the date of the hearing and rendition of judgment of partition, October 12, 2006. As such, pursuant to La. C.C.P. art. 1913, Clower, not Charles Weaver, who was no longer Clower’s appointed representative, should have been sent notice of the signing of the judgment of partition by the Claiborne Parish Clerk of Court on October 27, 2006.
 

 On October 16, 2006, the Claiborne Parish Clerk of Court directed the Claiborne Parish Sheriff to sell the property. On November 9, 2006, the clerk issued a “Request for Notice of Sale Date” to the sheriff. On that same date, the sheriff advised the clerk of court of the sale date, December 20, 2006. The sheriff advertised the sale in the
 
 Haynesville News
 
 on November | s16 and December 14, 2006.
 
 [4]
 
 On December 20, 2006, the 66.5 acre tract was sold to Bank of America, the sole bidder, for $2,000. On March 16, 2007, Bank of America filed a joint “Petition and Rule to Homologate Partition” with a copy of a March 12, 2007,
 
 proces verbal
 
 attached. On March 19, 2007, the clerk of court mailed notice of the “Judgment Homolo-gating Partition” to counsel for Bank of America, the two other nonresident co-owners, and Charles Weaver. The notice does not reflect that a copy was mailed to Clower.
 

 Clower’s first appearance in this matter, aside from the curator’s answer filed on his behalf by Charles Weaver, was in the form of a “Petition to Vacate, Annul and Set Aside [the March 16, 2007] Judgment Homologating Partition” which was filed on May 8, 2008. In this petition, Clower asserted that Weaver had no authority to join in the “Petition and Rule for Homolo-gation of Partition” filed on March 16, 2007, or to accept service of any pleadings or judgments on Clower’s behalf after being relieved of his duties as Clower’s curator on October 12, 2006. Also, Clower asserted that his due process rights were violated by his failure to receive notice of the March 16, 2007, judgment homologat-ing partition.
 

 On June 26, 2008, Bank of America filed an ex parte motion and order to vacate the December 20, 2006, sheriffs sale and the March 16, 2007, judgment homologating partition. Bank of America also requested that the clerk of court reissue the commission to sell so that another sale of |fithe property could be scheduled. This order was signed by the trial court on June 26, 2008. In response, Clower filed a “Motion to vacate Ex Parte Order and Recall Commission to Sell” on July 24, 2008, based upon the clerk of court’s failure to send
 
 *915
 
 notice of Bank of America’s motion and order to Clower’s attorneys. In this motion, Clower asserted that he had never consented to a partition of the property less and except the minerals, and because the commission to sell issued by the clerk of court described the property to be sold as “LESS, however, all the oil, gas and other minerals therein and thereunder,” the commission to sell should be recalled, vacated and set aside based upon his lack of consent.
 
 [5]
 

 On October 2, 2008, Clower filed a “Memorandum in Support of Motion to Vacate Ex Parte Order and Recall Commission to Sell.” In this memorandum, Clower again raised the issue of his lack of consent to the partition of the co-owned property “less and except the minerals.”
 

 Clower’s July 24, 2008, motion, together with a motion to compel discovery filed by Clower, was taken up by the trial court on October 9, 2008, then was denied by the trial court in a judgment signed on November 5, 2008, and filed on November 12, 2008.
 
 [6]
 

 Having failed in his attempts to have the commission to sell the property vacated and set aside
 
 solely
 
 based upon the fact that the property to be partitioned did not include the minerals, Clower filed a motion for new 17trial on November 13, 2008, asserting this very same claim, this time as it pertains to the October 12, 2006, judgment. To get around the issue of the timeliness (or lack thereof) of the motion for new trial, Clower urged that he was not properly served with notice' of the October 12, 2006, judgment as required by La. C.C.P. art. 1913.
 

 We also note that in the annulment of sale/malpractice action filed by Clower on October 12, 2007, he mounted a collateral attack on the partition proceedings and in the alternative, sought damages from Charles Weaver and his law firm for,
 
 inter alia,
 
 their failure to inform him of the October 12, 2006, judgment for partition by licitation. Basically, Clower sought to have the sale of the property and the judgment homologating partition set aside and annulled, and only if this claim was denied did Clower seek damages arising out of Charles Weaver’s “malpractice.” Clower also filed a “Motion for Partial Summary Judgment” on April 10, 2008, asserting his entitlement to judgment as a matter of law against defendants annulling, vacating and setting aside the judicial sale of the property. Attached to this motion was an affidavit in which Clower asserted,
 
 inter alia,
 
 his lack of receipt of notice or knowledge of the October 12, 2006, judgment. According to Clower, he did not become aware of this judgment until he retained present counsel. Also attached to his motion for summary judgment was a
 
 copy of the October 12, 2006, judgment.
 

 It is certainly disingenuous for Clower to argue that his motion for new trial is timely based upon his lack of notice of the October 12, 2006, judgment when in fact he demonstrates his actual notice of said judgment in |8the numerous pleadings he has filed in this action and the malpractice suit, attacking everything from the sheriffs sale to the
 
 proces verbal
 
 to the judg
 
 *916
 
 ment homologating partition to the latest commission to sell issued to the clerk, all which were filed
 
 prior
 
 to the motion for new trial in which he asserts his lack of official notice of judgment.
 

 As noted by the court in
 
 X-L Finance Company v. Hollinger,
 
 185 So.2d 873 (La.App. 3d Cir.1966), one of the principal reasons for the requirement that the clerk of court mail notices of the final judgment is to enable parties to be given notice of the judgment so they may timely move for a new trial or an appeal. In
 
 Carlisle v. Carlisle,
 
 313 So.2d 908 (La.App. 2d Cir.1975),
 
 writ denied,
 
 319 So.2d 442 (La.1975), this court found that a motion made by a party for an appeal constitutes a waiver of the requirement that he be given notice of judgment. The Third Circuit observed in
 
 Tarver v. Anderson,
 
 358 So.2d 1000 (La.App. 3d Cir.1978), that if a party moves for and is granted an appeal prior to service of notice of judgment, he is deemed to either have notice or to waive notice.
 

 In
 
 Gauthreaux v. Gauthreaux,
 
 377 So.2d 567, 570-71 (La.App. 3d Cir.1979), one of the issues before the court was whether a co-owner/husband received proper notice in partition proceedings.
 
 [7]
 
 The court wrote:
 

 Mrs. Gauthreaux exercised her right to démand a partition by filing a petition asking for a judicial partition by licitation. Mr. Gauthreaux |9was personally served with a copy of this petition. We find that this notice of the partition by licitation proceeding was the only notice to which Mr. Gauthreaux was entitled. The notice advised him that if he did not come forward to offer evidence that he was the sole owner, or that the property was co-owned but was divisible in kind, then the property would be sold at pub-lie auction and the proceeds would be divided between the co-owners. By taking no action, Mr. Gauthreaux acquiesced in the eventual default judgment against him which ordered the property sold. He will not now be heard to claim that he did not receive notice that the property would be sold.
 

 In
 
 Sicard v. Sicard,
 
 426 So.2d 299 (La.App. 4th Cir.1983),
 
 writ denied,
 
 433 So.2d 163 (La.1983), Mrs. Sicard contended that the entire partition proceedings were null and void because neither she nor her attorney was given proper notice of the default judgment of partition, the sale or the preparation of the inventory and partition. Citing
 
 Gauthreaux, supra,
 
 the court found that although neither Mrs. Sicard nor her attorney received any further notice of the default judgment or the sale, service of the citation and the petition for partition by licitation was the only notice to which she was entitled. Furthermore, her failure to timely appeal from the default judgment (of which she received no notice) foreclosed any attack based on insufficiency of the proof upon which the judgment was rendered.
 

 While we could find no cases directly on point, we conclude that in this partition suit, under the facts and circumstances of this case, Clower had actual notice/knowledge of the October 12, 2006, judgment of partition, as evidenced by the various pleadings in this action as well as the malpractice suit, by October 2007. Clearly he cannot at this late date assert his failure to receive notice of judgment in accor
 
 *917
 
 dance with La. C.C.P. art. 1913 simply as a way to get around the new trial/appellate delays and raise his lack of consent to the exclusion of the minerals from the partition, an |inissue which should have been asserted and addressed before the partition judgment was even rendered.
 
 See, Sicard, supra.
 
 Therefore, we find no error in the trial court’s ruling denying Clower’s motion for new trial as untimely.
 

 Furthermore, an untimely motion for new trial does not stop the appellate delays from running.
 
 Bayou Concession Scrap, Inc. v. Rose Towing, Inc.,
 
 08-308 (La.App. 5th Cir.10/28/08), 996 So.2d 1173,
 
 unit denied,
 
 08-2821 (La.01/30/09), 999 So.2d 762;
 
 First National Bank of Commerce v. Boydell,
 
 03-0613 (La.App. 4th Cir.09/24/03), 857 So.2d 1115. Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal.
 
 Guillot v. Consolidated Freightways,
 
 583 So.2d 113 (La.App. 5th Cir.1991). Therefore, Clower’s appeal was untimely and this appeal will be dismissed.
 

 Conclusion
 

 For the foregoing reasons, this appeal is dismissed. All costs of appeal are assessed to appellant, Larry Gene Clower.
 

 [1]
 

 . Article 4630 provides that if the property to be partitioned is divisible in kind, and the defendant timely answers through counsel of his own selection and prays therefor, the court shall render judgment ordering the partition to be made in kind.
 

 [2]
 

 . Two other nonresident co-owners waived formal citation and service of the partition petition.
 

 [3]
 

 . Included in the correspondence from Weaver was a copy of the partition petition.
 

 [4]
 

 . The clerk of court also issued a "Notice of Sale Date” on November 16, 2006, to counsel for Bank of America, the other nonresident co-owners, and Charles Weaver, but not to Larry Clower, who was at the time unrepresented by counsel or curator.
 

 [5]
 

 . In an opposition to a motion to dismiss and for sanctions filed by Bank of America, Clower clarified that he did not ask the court to vacate that part of its order in which it vacated and set aside the sheriff's sale held on December 20, 2006, or insofar as it vacated and set aside the March 16, 2007, judgment homologating partition.
 

 [6]
 

 . A ruling on the motion to dismiss and for sanctions filed by Bank of America, filed on August 7, 2008, was deferred until after a trial on the merits.
 

 [7]
 

 . Mr. Gauthreaux filed an action of nullity in the partition proceedings, attacking the validity of the judgment ordering the sale as well as the sale itself, on the grounds that he was not served with a notice of seizure and sale. The trial court found the judgment to be valid, but set aside the sale for the sheriff's failure to comply with articles applicable to judicial sales under writs of fieri facias.