# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**10-485**

LYDIA LENORA LARCE

VERSUS

WILLIE SAMUEL KING, JR.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-2820
HONORABLE GUY E. BRADBERRY, DISTRICT COURT

************

**DAVID E. CHATELAIN**[*]
**JUDGE**

************

Court composed of Oswald A. Decuir, J. David Painter, and David E. Chatelain, Judges.

**APPEAL DISMISSED.**

Evelyn M. Oubre
Attorney at Law
522 Clarence Street
Lake Charles, Louisiana 70601
(337) 436-0337
Counsel for Plaintiff/Appellant:
Lydia Lenora Larce

Stephen A. Berniard, Jr.
Raggio, Cappel, Chozen & Berniard
Post Office Box 820
Lake Charles, Louisiana 70602
(337) 436-9481
Counsel for Defendant/Appellee:
Willie Samuel King, Jr.

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge.**

This court issued a rule for the plaintiff/appellant, Lydia Lenora Larce, to show cause, by brief only, why the appeal in this case should not be dismissed as untimely. For the reasons assigned below, we dismiss the appeal.

On February 23, 2009, the trial court entered judgment on a motion for change of custody and reimbursement for paternity testing filed by the plaintiff, a petition for ex parte custody filed by the plaintiff, a motion to set a trial on a permanent injunction filed by the defendant, and a motion for contempt filed by the defendant. The plaintiff did not appear at the trial. On February 25, 2009, notice of the signing of judgment went out, and service was made by the East Baton Rouge Parish Sheriff's Department on the plaintiff's counsel of record on March 4, 2009. On March 17, 2009, the plaintiff filed a motion for new trial together with a motion to enroll filed by the plaintiff's current counsel of record. After a hearing on the motion for new trial, the trial court denied the motion in a judgment filed September 30, 2009, finding that the motion for new trial was not filed timely.

On October 22, 2009, the appellant filed a motion for appeal from this ruling, and the trial court granted the order of appeal. Upon the lodging of the record in this case, this court, on its own motion, issued a rule for the appellant to show cause, by brief only, why the appeal should not be dismissed as untimely.

The plaintiff responded by brief to this court's order, arguing that review is only being sought from the denial of the plaintiff's motion for new trial and that the motion for appeal from this judgment was timely filed twenty-four days after notice of the signing of judgment was sent.

1

Louisiana Code of Civil Procedure Article 1974 provides that a motion for new trial must be filed within seven days, exclusive of legal holidays, from when the notice of the signing of judgment was either mailed or served in accordance with La.Code Civ.P. art. 1913. An appeal from a ruling on custody, visitation, or support must be filed thirty days from the expiration of the delay for applying for a new trial if no application has been timely made. La.Code Civ.P. arts. 2087(A)(1), 3942, and 3943.

Here, notice of the underlying judgment was personally served on then counsel for the plaintiff on March 4, 2009. The plaintiff argues that because personal service was made by sheriff on then counsel of record and not mailed per the language of La.Code Civ.P. art. 1913, proper notice was never accomplished, and therefore, the plaintiff's motion for new trial was filed timely. Article 1913 provides for service by sheriff of a notice of a judgment of default indicating that service by sheriff affords greater assurance that notice of judgment was actually received. Here, Article 1913 requires service of the notice of the signing of judgment by mail, a lesser standard. Accordingly, in this instance, we find that service by sheriff, although unnecessary, is sufficient notice of the signing of judgment. To find otherwise would lead to absurd results.

The motion for new trial was not filed until March 17, 2009, exceeding the time delays within which to seek a new trial. Therefore, time delays within which to seek an appeal began to run on March 5, 2009, and had expired by the time a motion for appeal was filed on October 22, 2009. *Bellco Electric, Inc. v. Miller*, 08-785 (La.App. 5 Cir. 3/24/09), 10 So.3d 797; *Theriot v. Marceaux*, 576 So.2d 998 (La.App. 3 Cir. 1991).

2

Thus, having found that the motion for new trial was not timely filed, we find that the motion for appeal herein was not timely filed, as the time delays for seeking an appeal were not suspended by the untimely motion for new trial. Accordingly, we dismiss the appeal at appellant's cost.

**APPEAL DISMISSED.**