NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-796

STATE OF LOUISIANA

IN THE INTEREST OF

S.A. and P.C.-A.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 5647 J.D.
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Sylvia R. Cooks, Billy H. Ezell, and John E. Conery.

Conery, J., dissents and assigns reasons.

**APPEALS DISMISSED.**

L.A.
Richland Parish Jail
456 Highway 15
Richland, LA 71269
BIOLOGICAL MOTHER OF S.A. and P.C.-A.:
    In Proper Person


Howard Conday
113 East Fifth Street
Natchitoches, LA 71457
COUNSEL FOR APPELLANT/BIOLGICAL MOTHER OF S.A. and P.C.-A.:
    L.A.

S. C.
7361 Highway 71
Coushatta, LA 71019
BIOLOGICAL FATHER OF P.C.-A.:
    In Proper Person

Rene Cote
Legal Services of North Louisiana
720 Texas Street
Shreveport, LA 71101
COUNSEL FOR THE CHILDREN, S.A. and P.C.-A.

Jason Methvin
211 South Drive
Natchitoches, LA 71457
COUNSEL FOR BIOLOGICAL FATHER OF P.C.-A.:
    S.C.

N.S.
Ouichita Parish Work Release Program
4810 South Grand
Monroe, LA 71202
BIOLOGICAL FATHER OF S.A.:
    In Proper Person

Kathryn Widhalm
710 Third Street
Natchitoches, LA 71457
COUNSEL FOR APPELLANT/BIOLOGICAL FATHER OF S.A.:
    N.S.

**EZELL, Judge.**

L.A. is the biological mother of S.A., date of birth December 28, 2010, and P.C.-A., date of birth August 21, 2012. N.S. is the biological father of S.A. S.C. is the biological father of P.C.-A. This court issued rules to L.A. and N.S. to show cause, by brief only, why their appeals should not be dismissed. For the reasons set forth below, we dismiss both appeals.

On December 2, 2014, in open court, judgment was entered terminating the parental rights of L.A. as to S.A. and P.C.-A. The judgment also terminated the parental rights of N.S. as to S.A. The parental rights of S.C. as to P.C.-A. were also terminated, and he neither objected nor filed an appeal. Both L.A. and N.S. were present in open court when their parental rights were terminated. L.A. was represented in court by Desiree Duhon Dyess, who was sworn in as a district judge shortly after the hearing. Judgment terminating the parental rights was signed on December 30, 2014, by the Honorable Dee A. Hawthorne.

On January 23, 2015, N.S. filed a motion for appeal. The motion does not specify any judgment and simply states that "the record herein shows error to his prejudice and that he is desirous to appeal." The order set a return date of forty-five days after payment of estimated costs. Notice of the appeal, however, did not issue until April 25, 2015.

On February 3, 2015, the Honorable Dyess and the Honorable Lila B. Sylvester, both of the Tenth Judicial District Court, recused themselves. The Honorable Edward J. Bleich was assigned as judge ad hoc to oversee the case.

On June 22, 2015, in open court, Judge Bleich issued and signed a judgment of permanency. That same date, L.A. filed a motion for appeal. No judgment was specified, and the motion for appeal simply stated that "the record herein shows

error to his [sic] prejudice and that he [sic] is desirous to appeal." Notice of appeal issued on June 23, 2015.

This court issued a rule to L.A. to show cause why her appeal of the judgment of permanency should not be dismissed as having been taken by a person with no interest in prosecuting an appeal. L.A.'s petition for appeal was taken the same day as the judgment of permanency was signed, and it does not specify any judgment. In brief, L.A. asserts that she is not appealing the judgment of permanency and is appealing the termination of her parental rights.

L.A. argues that her appeal should not be dismissed because "she had no control over" her situation through " no fault of her own." She asserts (emphasis added):

> L.A. was incarcerated during and after the termination hearing, which severely crippled her efforts to hire private counsel. Those unfortunate circumstances made it virtually impossible for L.A. to exercise her right of appeal and protect her right of action.
>
> In addition, the issue that is placed in front of the court seems to be novel. At this moment there is no Louisiana court that has directly reviewed L.[A.]'s precarious dilemma. . . . She has been presented with a situation where her appointed counsel immediately became judge, and as a result was unable to appeal on L.[A.]'s behalf, **if L.[A.] had requested an appeal**. . . . However, immediately upon the appointment of new counsel, the appeal rights of L.[A]. were exercised.

L.A. appears to admit in brief that she did not request an appeal after her parental rights were terminated. However, this court will consider her appeal to be from the judgment rendered December 2, 2014, and signed December 30, 2014, rather than from the judgment of permanency. Then, the issue of the timeliness of her appeal arises.

This court also issued a rule to N.S. to show cause why his appeal should not be dismissed as untimely. Both L.A. and N.S. assert that their appeals are timely

because the appeal delays never began to run since no notices of signing of judgment were mailed or appear in the record.

Louisiana Children's Code Article 332(A) provides that:

> Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment. However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.

Louisiana Code of Civil Procedure Article 1913(A) provides, in pertinent part, that: "notice of the signing of a final judgment . . . is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel." Louisiana Code of Civil Procedure Article 1913(D) provides that: "[t]he clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed."

In support of their right to appeal, L.A. and N.S. cite *Argence, L.L.C. v. Box Opportunities, Inc.*, 07-765, p. 6 (La.App. 4 Cir. 3/13/08), 980 So.2d 786, 790, which stated:

> Absent the mandatory 1913 D certificate, there is reasonable doubt as to the date on which the judgment was mailed. We agree with the principle that, as appeals are favored under Louisiana law and jurisprudence, this doubt must be resolved in favor of the right to have the Motion for New Trial heard on its merits.

The record of this matter contains no formal document entitled "notice of judgment." However, the record is clear that both L.A. and N.S. were present in open court when their parental rights were terminated. Furthermore, the record indicates that the judgment terminating parental rights was served on L.A. at the Richland Parish Jail by domiciliary service by the Richland Parish Sheriff's Office

3

on January 5, 2015. The record indicates that the judgment was served on N.S. by domiciliary service by the Ouachita Parish Sheriff's Office at the Ouachita Parish Work Release Program on January 7, 2015. The record also reflects that the judgment was served on L.A.'s attorney at the time, Desiree Dyess, on December 31, 2014. The record indicates that the judgment was also served on N.S.'s attorney, Kathryn Widhalm, on December 31, 2014. Other than the joint order of recusal filed after Ms. Dyess was sworn in as district judge, the record contains no indication that Ms. Dyess formally discontinued her representation of L.A.

In *State in the Interest of J.Y.M.*, 09-1335, pp. 3-4 (La.App. 3 Cir. 8/4/10), 45 So.3d 1128, 1131, this court noted that:

> "[I]f an appellant moves for and is granted an appeal prior to service of notice, he is deemed either to have notice or to waive notice." *Tarver v. Anderson*, 358 So.2d 1000 [,1001] (La.App. 3 Cir.1978), *citing X-L Finance Company v. Hollinger*, 185 So.2d 873 (La.App. 3 Cir.1966) and *In re Salmon*, 318 So.2d 897 (La.App. 2 Cir.1975). The fact that the clerk's office did not mail the notice is irrelevant in this case as P.J.M. was personally served with all of the notices. Thus, we agree with the State that P.J.M.'s appeal with respect to the instanter order is untimely, and we dismiss the appeal insofar is it raises issues related thereto.

In *Bank of America, N.A. v. Clower*, 44,749, pp. 7-9 (La.App. 2 Cir. 9/23/09), 24 So.3d 911, 915-17, *writ denied*, 09-2330 (La. 1/8/10), 24 So.3d 873 (emphasis added), the second circuit explained:

> It is certainly disingenuous for Clower to argue that his motion for new trial is timely based upon his lack of notice of the . . . judgment when in fact he demonstrates his actual notice of said judgment in the numerous pleadings he has filed, . . . all which were filed **prior** to the motion for new trial in which he asserts his lack of official notice of judgment.
>
> . . . [O]ne of the principal reasons for the requirement that the clerk of court mail notices of the final judgment is to enable parties to be given notice of the judgment so they may timely move for a new trial or an appeal. In *Carlisle v. Carlisle*, 313 So.2d 908 (La.App. 2d Cir.1975), *writ denied*, 319 So.2d 442 (La.1975), this court found that

a motion made by a party for an appeal constitutes a waiver of the requirement that he be given notice of judgment. . . .

. . . .

While we could find no cases directly on point, . . . under the facts and circumstances of this case, Clower had actual notice/knowledge of the October 12, 2006, judgment of partition, as evidenced by the various pleadings in this action as well as the malpractice suit, by October 2007. **Clearly he cannot at this late date assert his failure to receive notice of judgment in accordance with La. C.C.P. art. 1913 simply as a way to get around the new trial/appellate delays**.

In *Larce v. King*, 10-485 (La.App. 3 Cir. 6/9/10), 43 So.3d 1006, this court dismissed an appeal as untimely where the plaintiff previously filed an untimely motion for new trial (even though that motion for new trial was ruled upon and denied by the trial court). Plaintiff argued that her motion for new trial was timely because "personal service was made by sheriff on then counsel of record and not mailed per the language of La.Code Civ.P. art. 1913" such that "proper service was never accomplished." *Id*. at 1007. This court disagreed:

> [Louisiana Code of Civil Procedure] Article 1913 provides for service by sheriff of a notice of a judgment of default indicating that service by sheriff affords greater assurance that notice of judgment was actually received. Here, Article 1913 requires service of the notice of the signing of judgment by mail, a lesser standard. Accordingly, in this instance, we find that service by sheriff, although unnecessary, is sufficient notice of the signing of judgment. To find otherwise would lead to absurd results.

*Id.*

In this case, neither L.A. nor N.S. asserts that they were unaware that their parental rights had been terminated. Service of the judgment was made on the parties and their counsels of record. This court finds that service by the sheriff, while not required, was sufficient notice of the signing of the judgment.

5

With respect to L.A., this court finds that the appeal delays began to run on January 5, 2015, the first non-legal holiday following the service of the judgment on L.A.'s attorney on December 31, 2015. The delay expired on January 19, 2015. Even if this court were to find that the delay did not begin to run until January 6, the day after L.A. was served with the judgment, L.A.'s appeal would be untimely since the delay would have expired on January 20, 2015. Therefore, pursuant to La.Ch. Code art. 332 and La.Code Civ.P. art. 1913, L.A.'s appeal filed on June 22, 2015, was untimely and must be dismissed by this court.

With respect to N.S., this court finds that the appeal delays began to run on January 5, 2015, the first non-legal holiday following the service of the judgment on N.S.'s attorney on December 31, 2015. The delay expired on January 19, 2015. Even if this court were to find that the delay did not begin to run until January 8, 2015, the day after N.S. was served with the judgment, N.S.'s appeal would be untimely since the delay would have expired on January 22, 2015. Therefore, pursuant to La.Ch. Code art. 332 and La.Code Civ.P. art. 1913, N.S.'s appeal filed on January 23, 2015, was untimely and must be dismissed by this court.

Accordingly, the appeal of the termination of parental rights as to S.A. and P.C.-A. by L.A. as well as the appeal of the termination of parental rights as to S.A. by N.S. are both dismissed as being untimely filed.

**APPEALS DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

IN THE INTEREST OF

S.A. and P.C.-A.

**CONERY, J., dissents and assigns reasons.**

I respectfully dissent from the decision to dismiss the appeals of N.S. and L.A. The majority correctly notes that Louisiana Children's Code Article 332(A) provides that "appeals shall be taken within fifteen days from the mailing of the Notice of Judgment . . .", and that Louisiana Code of Civil Procedure Article 1913 (A) likewise provides, in pertinent part that: "Notice of the signing of a final judgment . . . is required in all contested cases, and shall be mailed by the Clerk of Court to counsel of record and to each party not represented by counsel."

The language of each codal provision is clear and unambiguous. In this case, the record in this case contains no "notice of judgment". Appeals are favored. I would apply the mandatory language of the codal provisions cited, and docket the case for oral argument and an opinion. *Argence, L.L.C. v. Box Opportunities, Inc.,* 07-765 (La.App. 4 Cir. 3/13/08), 980 So.2d 786; *Bielkiewicz v. Insurance Co. of North America,* 201 So.2d 130 (La.App. 3d Cir. 1967).